Isabella C. Hoag, as Administratrix, etc.,  Appellant, *v.* The New York Central and Hudson River Railroad Company, Respondent.

R., plaintiff's intestate, was riding on a public highway with her husband, who was driving.  In attempting to cross defendant's tracks at a crossing they were both killed by a collision with a passing train.  In an action to recover damages, it appeared that at this crossing, in the absence of obstructions, a train upon the freight track, which came first, or upon the passenger track which was seventy feet distant from the freight track, was visible for a distance of one or two miles.  In approaching the freight track the husband stopped his horse when a hundred or more yards away and then again within fifteen yards of the crossing on account of the passage of a freight train.  As soon as it had passed he crossed the freight track, and, in an endeavor to cross the passenger track, the collision occurred.  There was no proof as to the manner of the accident except that the horse was seen jumping to get across and did, in fact, escape.  The plaintiff was nonsuited.  *Held*, error; that if the husband was negligent, his negligence could not be imputed to the wife; that while she had no right, because her husband was driving, to omit reasonable and prudent effort to see for herself that the crossing was safe, she was not bound to suspect a purpose on the part of her husband to cross until she saw it being executed; that the presumption was they both saw the approaching train, and she was not blamable in thinking and expecting he would stop again; that when she saw he was about to make the attempt to cross, as they must have been then very close to the track, she was not bound to jump from the wagon, seize the reins or interfere with the driver; that even if she did not entreat him to stop, but sat silent, it does not follow, as matter of law, that she was negligent, as she might

not have had time or might have been paralyzed from fright, and the question was one of fact for a jury.

The degree of care to be exercised in order to avoid the charge of negligence varies with the circumstances and theemergencies. .

(Argued October 3, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 3, 1885, which affirmed a judgment entered upon an order nonsuiting plaintiff on trial.

This action was brought to recover damages for alleged negligence, causing the death of Rebecca M. C. Hetrick, plaintiff's intestate.

The facts are substantially stated in the opinion.

*G. L. Stedman* for appellant. The court erred in nonsuiting plaintiff, whether plaintiff's intestate used the degree of care necessary being a question for the jury. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; 89 id. 308, 311; *Massoth* v. *D. & H. C. Co.*, 64 id. 529; *Hart* v. *H. R. Bridge Co.*, 80 id. 622; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72; *Shaw* v. *Jewett*, 86 id. 616.) It is not to be assumed that the deceased did not look or listen. (*Smedis* v. *Bk'lyn & R. R. R. Co.*, 88 N. Y. 13; *Greany* v. *L. I. R. R. Co.*, 101 id. 419.) Although plaintiff's negligence may, in fact, have contributed to the accident if the defendant could, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him. (*Green* v. *Erie R. Co.*, 11 Hun, 334; *McCall* v. *N. Y. C. R. R. Co.*, 54 N. Y. 642; *Gorton* v. *Erie R. Co.*, 45 id. 660.) The negligence of the husband was not to be imputed to the wife. (*Platz* v. *City of Cohoes*, 26 Hun, 391; 89 N. Y. 219; *Robinson* v. *N. Y. C. R. R. Co.*, 66 id. 11; *Dyer* v. *Erie R. Co.*, 71 id. 228.) The omission of the customary signals was an assurance by the company to the plaintiff that no engine was approaching within a quarter of a mile on either side of the crossing; on this he was entitled to reply, and to the defendant he owed no duty of further

inquiry. (*Beiseigle* v. *N. Y. C. R. R. Co.*, 34 N. Y. 633; *Ernst* v. *H. R. R. R. Co.*, 39 id. 61; 35 id. 9; *Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 id. 455.)

*Hamilton Harris* for respondent. There being no evidence whatever that the deceased was not guilty of negligence, and the only inference to be drawn logically from the undisputed facts being that she was guilty, there was no question for the jury. (*Connelly* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 346; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 19 W'kly Dig. 230; *Becht* v. *Corbin*, 92 N. Y. 658.) A person approaching a railroad track must look and listen, and is excusable for the omission only when the circumstances show that both precautions were impossible or unavailing. (*Woodard* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 369; *Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 id. 500.) The burden was upon the plaintiff of showing affirmatively, either by direct evidence or from circumstances, or both, that the deceased was without fault and approached the crossing with prudence and care and with senses alert to the possibility of approaching danger. (*Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 N. Y. 198.) There being no witness of the accident to entitle the plaintiff to recover, she was bound to show affirmatively by circumstances that the deceased exercised proper care for her own safety, and if the circumstances point just as much to negligence on her part as to its absence, or point in neither direction, plaintiff could not recover and was properly nonsuited. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330.) As plaintiff's evidence showed contributory negligence on the part of the deceased and her husband jointly, and they were so connected in their action, the negligence of the husband was chargeable to the deceased. (*Donnelly* v. *B. C. R. R. Co.*, 109 N. Y. 16.) Even in the case of a gratuitous ride upon the invitation of another, where the negligence of the driver may not be imputable to the passenger, the law does not release the passenger from the exercise of due care for

himself. (*Cosgrove* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 88; *Dyer* v. *Erie R. Co.*, 71 id. 228; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 38 Hun, 33; *Allyn* v. *B. & A. R. R. Co.*, 105 Mass. 77.)

FINCH, J. The husband and wife were both killed by collision with a passenger train while attempting to cross the defendant's track at a crossing known as Fuller's lane. The husband was driving, and his wife, for whose death this action was brought, was riding with him on the way to their home. At this crossing the passenger and freight tracks were seventy feet apart. To the deceased and her husband, who were approaching from the north, the freight tracks were the first to be crossed. At that crossing, and all the way to the passenger tracks, a train upon them was visible, without anything to obstruct or hinder for a distance of at least one, and possibly of two miles. The husband, when approaching the freight tracks, stopped his horse when a hundred or more yards away, and then again within fifteen yards of the crossing, because of the passage of a freight train which obstructed the way. When that had passed they crossed the freight tracks in its rear, and, in an endeavor to cross the passenger tracks, were struck by a train and killed. Nothing is known of the manner of the accident, except that the horse was seen jumping to get across and did, in fact, escape. On this state of facts the plaintiff was nonsuited, and that judgment affirmed by the General Term.

If we assume, for the purposes of the argument, the negligence of the husband who was driving, yet his negligence cannot be imputed to the wife. (*Platz* v. *Cohoes*, 26 Hun, 391; affirmed, 89 N. Y. 219; *Robinson* v. *N. Y. C. R. R. Co.*, 66 id. 11.) The question presented as to her is, whether there was any evidence tending to show that she was free from negligence contributing to the injury. The facts and circumstances proven admit of two conflicting inferences, one or the other of which must be true. The deceased and her husband either saw the passenger train approaching as they neared the

track, or they did not.　If they did not see it, or, at least, the deceased did not see it, she was negligent, for she was bound to look and listen, and the facts show that if she had looked, she could have seen, and would have seen, the approaching train.　She had no right, because her husband was driving, to omit some reasonable and prudent effort to see for herself that the crossing was safe.　But the strong probability is that she did see the train, and her husband did also, and that he, for some reason, undertook to cross in its front, miscalculating, perhaps, its distance and speed and his opportunity.　She was not bound to suspect that purpose until she saw it being executed.　Before that she might reasonably expect him to stop and wait.　When she saw that he was about to make the attempt they must have been very close to the track.　She was not bound to jump from the wagon.　That might seem to her as dangerous as to sit still.　She could not be required to seize the reins or interfere with the driver.　That is almost always dangerous and imprudent.　She might have begged her husband to stop, and we do not know that she did not, but if she did not and sat silent it does not follow, as matter of law, that she was negligent.　Her husband seems to have been ordinarily a careful man.　Having his wife with him, one would think, would make him more so.　He stopped twice before he crossed the freight tracks.　She was hardly blamable, when both saw the coming train, for thinking and expecting that he would stop again.　When she saw that, instead of stopping, he meant to cross, she should have spoken, perhaps, but she may have been so near the engine as to have scarcely had time, or so paralyzed with fright at the impending danger as to have lost her judgment and prudence for the moment.　The degree of care to be exercised varies with circumstances and emergencies.　If the deceased was silent, it does not follow, as matter of law, that she was negligent.　Which of the two inferences we have named should be drawn, and, if the latter, whether the surrounding circumstances sufficiently show that the deceased was not in fault, were questions which, we think, should have gone to the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except EARL and GRAY, JJ., not voting, and PECKHAM, J., not sitting.

Judgment reversed.