# HATTIE L. TWEDELL, Respondent, v. CITY OF ST. JOSEPH, Appellant.

### Kansas City Court of Appeals, December 31, 1912.

1. **MUNICIPAL CORPORATIONS: Acceptance of Streets: Continued Usage.** Long, continuous and notorious usage of unimproved streets by the public as highways, known to and approved by the city government and the extension by the city of public sewers and lighting system over them, constitutes an acceptance of such streets and the city must maintain them in a reasonably safe condition for travel.

2. **NEGLIGENCE: Defective Streets.** Plaintiff was injured by falling into a hole or gully made by the erosion of surface water near an intake the city maintained at the intersection of two unpaved streets. It is *held* that a consideration of all the evidence shows that the negligence of defendant was the proximate cause of plaintiff's injury and that the question of contributory negligence presented an issue of fact for the jury to determine.

3. ———: **Damages: Instructions.** An instruction authorizing a married woman to recover for loss of time and medicines is erroneous where the evidence does not show that she had a separate estate, or income, or incurred any personal liability for medicines, and where it is shown that her time was bestowed on her domestic duties. Her husband alone may recover for the loss of such services.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick*, Judge.

REVERSED AND REMANDED.

*W. B. Norris, O. E. Shultz* and *Phil. A. Slattery* for appellant.

(1) Defendant's demurrer should have been sustained for the following reasons: (a) That portion of the street where plaintiff was injured the city had never opened up or improved for use by the public. Curran v. St. Joseph, 143 Mo. App. 618; Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 181 Mo.

723. (b) Plaintiff was familiar with the condition of the street at that point and she was guilty of contributory negligence in attempting to use it when it was so dark that she could not see. Bohl v. Dell Rapids, 91 N. W. 315; Evansville v. Christy, 63 N. E. 867; Neal v. Town of Marion, 35 S. E. 812; Town of Bosnell v. Wakley, 48 N. E. 637; Pittman v. City of El Reno, 46 Pac. 495. (2) Plaintiff's instruction on the measure of damages is erroneous for the following reasons: (a) The wife cannot recover for loss of time, medicine, care and medical treatment. Kirkpatrick v. Railroad, 129 Mo. App. 524; Plummer v. City of Milan, 70 Mo. App. 598; Willis v. City of Westport, 82 Mo. App. 522. (b) There was no evidence that any expense had been contracted for medicine or care, and there was no evidence to show the value of plaintiff's time. Graefe v. Transit Co., 224 Mo. 274; Gibler v. Association, 203 Mo. 224; Knight v. Kansas City, 113 Mo. App. 565; Ingles v. Railroad, 145 Mo. App. 247; Field v. Railroad, 156 Mo. App. 650; Brake v. Kansas City, 100 Mo. App. 615.

*Muir & O'Connor* for respondent.

A city which has once assumed to improve a sidewalk or street or part thereof, owes thereafter a duty to the public to keep said street or such part thereof as it has assumed to improve, in a reasonably safe condition for ordinary travel in the entire width of such street or part thereof which it has undertaken to improve. Moore v. Cape Girardeau, 103 Mo. 470; Hunter v. Weston, 111 Mo. 176; Gibbs v. City of Monett, 145 S. W. 841 Both the appellate and Supreme Court have repeatedly stated that if the defect of the street or walk is not so patently dangerous that no ordinary, prudent or careful person would attempt to pass over it, such person is not precluded, as a matter of law, from the right of action, if she be hurt in using this street or walk with ordinary care to avoid injury. Heberling v.

Warrensburg, 204 Mo. 604; Chelton v. St. Joseph, 143 Mo. 238; Coffee v. Carthage, 186 Mo. 573; Coombs v. Kirksville, 134 Mo. App. 645; Howard v. New Madrid, 148 Mo. App. 57; Graney v. St. Louis, 141 Mo. 180.

JOHNSON, J.—Plaintiff sued the city of St. Joseph, a city of the second class, to recover damages for personal injuries she alleges were caused by the negligence of defendant. The answer is a general denial and a plea of contributory negligence. The cause is here on the appeal of defendant from a judgment of $500, recovered by plaintiff in the circuit court.

On her return home from a visit to a neighbor, plaintiff fell into a hole or gully made by the erosion of surface water near an intake the city maintained at the intersection of Eighteenth and Belle streets and sustained the injuries of which she complains.

The locality is in an outlying residence portion of the city. Eighteenth street runs north and south, Belle street east and west. Neither street was paved and we assume from the evidence neither had been graded. Both were dedicated streets and had been used as public thoroughfares many years. There was a board sidewalk on the east side of Eighteenth street which was used by most of the pedestrians traveling on that street. Most of such travel on Belle street was along the sidewalk space on the south side where there was a better path, especially in wet weather, than that on the opposite side. The house where plaintiff had been calling was on the north side of Belle street, two doors west of Eighteenth street. Plaintiff lived on the east side of the latter street a block or more north of Belle street. In going to make the call she entered the premises of her neighbor from an alley in the rear but owing to the lateness of the hour (nine p. m.) and the darkness, she returned by a different and, as she thought, a safer route. She left the premises by the front exit and, reaching a path in the sidewalk space on

the north side of Belle street, proceeded eastward along that path to the intersection of Eighteenth street intending to cross over to the east side of that street and to go thence north along the sidewalk to her home. The city had extended its sewer system along these streets and had put in an intake at the northwest corner of the intersection at a point just outside the curb line, in what would have been the gutter had the streets been paved. The place was on the side of a long hill, the drainage was towards the south and east, and in wet weather a large volume of water flowed to the intake from the north along the west side of Eighteenth street and from the west along the north side of Belle street. A deep hole or gully had been made by such surface water just north of the intake and in Eighteenth street and the gully was in the line of the path on the north side of Belle street. The path made a detour to the north around the hole but weeds had grown up on both sides of the path and around the hole making the path obscure at night. The city had extended its lighting system over these streets but had no light at this corner. There was one at each alternate street intersection but the light thrown on this corner did not enable plaintiff to discover the curve in the path around the gully and instead of following the path at the place of the turn, she went straight on and stepped into the hole the presence of which, as stated, was concealed by the surrounding vegetation. The city had put a barricade at the southeast side of the hole to prevent vehicles from falling in, but had left the opposite side unguarded. The evidence relating to the use made by pedestrians of the path in question disclose that there were four residences on the north side of Belle street in the block just west of Eighteenth and that there was a public school on Belle street several blocks west of this place. As a rule pedestrians used the path on the opposite side of the street, but in dry weather the people living on the north side of the street and school

children sometimes used the path on that side. At any rate, there was enough travel to make a well-defined pathway which, of itself, disclosed the fact that the sidewalk space on that side of the street was being continuously used as a public passageway.

The principal contention of counsel for defendant is that the court erred in overruling the demurrer to the evidence. Counsel argue, first, that since the sidewalk space on the north side of Belle street had not been improved by the city or in any manner prepared for the use of travelers the city owed plaintiff no duty to maintain it in a reasonably safe condition for her use as a pedestrian on that street, citing Curran v. St. Joseph, 143 Mo. App. 618; Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 181 Mo. 723. It is not contended, nor could it be said with reason, that the city had not accepted both Eighteenth and Belle streets. In addition to a long, continuous and notorious usage of these streets by the public as highways, manifestly known to and approved by the city government, the public sewer and lighting system had been extended by the city over them. Such acts unquestionably constituted an acceptance of the streets and an invitation to the public to use them as public thoroughfares which the city had undertaken to maintain in a reasonably safe condition for travel. [Benton v .City, 217 Mo. 687.]

But the rule is invoked that the acceptance of the streets did not impose on defendant the duty of keeping the whole width of the streets in repair but only those portions the city had elected to open and prepare for the use of the public, and that since the sidewalk space in question had been wholly neglected, allowed to remain in a state of nature, the city had extended no implied invitation to plaintiff to use it, and therefore owed her no duty to keep it in repair. This argument loses sight of the fact that plaintiff was not injured by a defect in a sidewalk space the city had not opened for

travel, but by a defect in a part of the street the city had opened to the public. The hole into which plaintiff fell was in the roadway of Eighteenth street and was caused by an inadequate intake defendant had installed and had undertaken to maintain. Pedestrians had a right to cross Eighteenth street at that crossing or at any other place and the presence of the pathway certainly proclaimed the fact that people were using that crossing. The hole, concealed as it was by surrounding weeds, was a trap, a snare to the feet of the luckless traveler that happened to pass that way in the night.

Paraphrasing what we said in the recent case of Colton v. Kansas City, 162 Mo. App. l. c. 433, we may eliminate all idea of sidewalk space and of a pathway in a sidewalk space, for the safety of which it is contended the city would not be liable, and stand upon the fault of the city in constructing and maintaining an inadequate inlet in the street and in suffering it to become a menace to the safety of people using a pathway over an unimproved part of the street. For such an act the city would be liable to one who reached the pit by a pathway over which the city had assumed no control.

We think plaintiff has shown that negligence of defendant was the proximate cause of her injury and we regard the question of contributory negligence as presenting an issue of fact for the jury to determine.

The demurrer to the evidence was properly overruled.

In the instruction given at the request of plaintiff on the measure of damages the jury were authorized to include in her recoverable damages compensation for loss of time and for "necessary medicine, if any, and reasonable and necessary medical attention and care that have been required by her by reason of her injuries."

Plaintiff was a married woman and the evidence does not show that she had a separate estate or income

or incurred any personal liability for medicines or medical attention. Such expenses would fall on her husband and he alone might recover compensation for them. The same is true of the element of lost time. So far as the evidence discloses, plaintiff's entire time was bestowed on her domestic duties. Such services belonged to her husband and the loss of them was an injury to him for which he alone might recover. [Kirkpatrick v. Railroad, 129 Mo. App. 524.] The error is prejudicial and requires a reversal of the judgment. Accordingly the judgment is reversed and the cause remanded. All concur.