MABELLE BYERLEY, Respondent, v. METRO-
POLITAN STREET RAILWAY COMPANY,
Appellant.

**Kansas City Court of Appeals, June 16, 1913.**

1. **DAMAGES: Contributory Negligence: Excessive Speed.**
Where there was evidence showing that a street car was
being run at an excessive and unlawful speed and that plaintiff
just as her automobile turned to go across the tracks, looked
south to see if a car was coming and saw none, and then looked
north to see if one were coming from that direction, and then
looked south again, just as her automobile neared the track,
and saw a street car 220 feet away coming at a very rapid
speed and which struck the automobile before it could be
gotten out of the way, it cannot be said, as matter of law,
that plaintiff was guilty of contributory negligence.

2. ———: ———. The contributory negligence of the driver
cannot be imputed to the person injured unless the former
is the agent of the latter. But whether the driver in this
case was plaintiff's agent or not need not be decided since
the answer did not plead the driver's contributory negligence,
and, if it had, no such negligence on his part was shown.

3. ———: Unlawful Speed: Proximate Cause. Under the cir-
cumstances shown in evidence there was sufficient evidence
from which a jury could find that the excessive speed was
the proximate cause of the injury.

Appeal from Jackson Circuit Court.—*Hon. Jas. H.
Slover,* Judge.

AFFIRMED.

*John H. Lucas* and *Bruce Barnett* for appellant.

Plaintiff was guilty of such contributory negligence
as should bar a recovery as a matter of law. She rode
in the seat beside her husband, who operated the auto-
mobile, and although by the undisputed evidence, the
street car could be seen for 1610 feet, she did not call
her husband's attention to the approaching street car.

"If the person riding in a vehicle knows that the driver is negligent and he takes no precaution to guard against injury, he cannot recover, for in such case the negligence is his own, and not simply that of the driver. The plaintiff cannot rightfully omit to use care in blind dependence upon another, but must use care proportionate to the danger of which the facts convey knowledge." Markowitz v. Railroad, 186 Mo. 350; Bush v. Railroad, 64 Pac. 624; Hoag v. Railroad, 111 N. Y. 1991; Beach on Contributory Negligence, sec. 115; 3 Elliott on Railroads, sec. 1174; Township v. Anderson, 114 Pa. 643, 8 Atl. 379, 60 Am. Rep. 367; Brickell v. Railroad 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648; Griffith v. Railroad, 44 Fed. C. C. 574; Dean v. Railroad, 129 Pa. 514, 18 Atl. 718; 6 L. R. A. 143, 15 Am. St. Rep. 733; Smith v. Railroad, 87 Me. 339, 32 Atl. 967; Miller v. Railroad, 128 Ind. 97, 27 N. E. 339, 25 Am. St. Rep. 416.

*Beardsley & Beardsley* and *C. O. French* for respondent.

(1) The defendant company was guilty of negligence in running its car at the speed at which plaintiff's testimony showed it was being run. The ordinance of the city introduced in evidence limited the rate of speed at which street cars might be run within certain limits and including this point, to 20 miles per hour. The running of the car at the rate of 30 to 35 miles per hour, as the plaintiff's testimony shows it was being run, was an act of negligence on the part of defendant. Mitchell v. Railroad, 122 Mo. App. 57; Moore v. Transit Co., 194 Mo. 1; Haley v. Railroad, 197 Mo. 23; Beier v. Transit Co., 197 Mo. 230-231.

(2) Appellant cannot object to instruction No. 1 given on the part of plaintiff, nor contend in this case that plaintiff's husband was guilty of negligence and that his negligence is to be charged to her. Altman and Taylor Co. v. Smith, 52 Mo. App. 356; State ex

rel. v. Sitlington, 51 Mo. App. 256; Summers v. Life Ins. Co., 90 Mo. App. 701; Rothschild v. Frensdorf, 21 Mo. App. 322. (3) Even were the husband in this case shown guilty of negligence, his acts would not be imputed to the plaintiff. Becke v. Railroad, 102 Mo. 547-550; Zalotuchin v. Street Railway, 127 Mo. App. 585; Stotler v. Railroad, 200 Mo. 144; Davis v. Guarnieri, 45 Ohio, 470, 15 N. E. 350; Stotler v. Railroad Co., 200 Mo. 146; Eckhard v. Transit Co., 190 Mo. 611-614; Goff v. Transit Co., 199 Mo. 706.

TRIMBLE, J.—Plaintiff sued for damages sustained by reason of injuries to her automobile and to her person caused by a collision of defendant's street car with said automobile in which plaintiff was riding.

The collision occurred on Grand avenue, opposite the entrance to Gillham road a few feet south of the bridge over the Belt Line railway tracks at twenty-second street, in Kansas City, Missouri. The automobile was going south on Grand avenue on the west side of the street car tracks, and, when it reached the point where Gillham road comes into Grand avenue from the east, the driver of the automobile (plaintiff's husband) drove it out towards the west curb and turned to cross the tracks in order to enter Gillham road. The street car struck the automobile at the front wheels materially damaging the machine and throwing plaintiff out, permanently scarring her face and otherwise injuring her.

The acts of negligence charged are that the street car was run at a high and negligent rate of speed, that no attempt was made to reduce the speed of the car as it approached the entrance to Gillham road where defendant well knew many persons and vehicles were likely to be passing at the time; that the street car was being run at a speed much above the limit of twenty miles an hour specified by an ordinance in

force at the time, and at a rate of speed which was not reasonable at that place and under the circumstances. The answer was a general denial and a plea of contributory negligence on the part of plaintiff.

From Twenty-first street south on Grand avenue the roadway is up a four per cent grade and crosses, on a bridge, what was Twenty-second street but which is now the Belt Line railway tracks. A few feet south of this bridge Gillham road opens from Grand avenue to the east. It is one of the park driveways of the city and at this point, both on Gillham road and on Grand avenue, there is, as stated, much travel by the public.

The collision occurred about nine or nine thirty p. m. Plaintiff's husband was driving the machine, sitting on the right hand side of the front set, and his wife, the plaintiff, was sitting on the same seat at his left. The automobile had left 'Twenty-first street, and was going from five to eight miles an hour up the incline to the viaduct, when a southbound street car on the west track passed. The automobile went across the bridge or viaduct at a speed of about three miles per hour. There was a large and heavy beam, separating the street car tracks from the driveway, along the entire length of the viaduct, so that it was impossible for the automobile to get upon the street car track until it reached the entrance to Gillham road. When the automobile left the viaduct it went out next to the curb and plaintiff looked south to see if any car was coming, and, seeing none, looked north to see if any was coming from that direction. The automobile started across the tracks, and, as it neared the east track, plaintiff saw a car coming from the south at the rate of thirty or thirty-five miles per hour. Her husband saw it at the same time and stopped, but, before the forward motion of the automobile could be entirely checked, it had gotten its front wheels on the track, and, before power could be properly

applied to back the automobile out of danger, the swiftly on-coming street car struck it and did the damage complained of.

In the foregoing statement of the facts we have presented the case from plaintiff's side because, since the jury found for her and the trial court approved the verdict, we must give to the evidence on plaintiff's side of the case the most favorable construction it will reasonably bear. Of course, some of the facts were denied by defendant, but, as the jury are the judges of the facts, we cannot say which side is correct but must accept as true that which the jury has supported by its verdict.

The defendant contends that plaintiff, as a matter of law, was not entitled to recover because she was guilty of contributory negligence in that she sat on the front seat of the automobile and rode with her husband onto the track, when, if she had looked, she would have seen a street car coming from the south more than 1600 feet away. This, however, overlooks two items of the evidence in plaintiff's favor, first, that, as the automobile swerved out to make the proper turn, plaintiff looked south and saw no car coming; she saw the car that just passed her standing on the west track at Twenty-third street where a strong electric light hung in the street; and second, it ignores the rapid rate of speed at which the car was running. The first relieved her of the imputation of negligence in not looking at all, and the second enabled the street car to cover the distance from where it was, when she first looked south, to the point, 220 feet away from the crossing, when she next looked, and at the moment the automobile neared the track. It was night; there was no showing as to how far a car could be seen approaching from the south under the conditions existing at the time, nor whether, if there were no obstructions in the street, such as the southbound street car or other things

any vision at all could have been had beyond the dazzling brilliancy of the arc light at Twenty-third street. Again, if the car could have been seen a long way down the track, plaintiff had the right to assume that it would be travelling at a reasonable, or at least not an unlawful, speed, and, consequently, in the few seconds elapsing between the look south and the look north, plaintiff would not, as matter of law, be guilty of contributory negligence in starting across, or in believing that, until she again looked south, she had time to get safely over before a car would come. In the interval between the time she looked south and then looked north the automobile had started to go across. When plaintiff again turned to look south the automobile was nearing the east track. The street car was then 220 feet away moving at something over fifty feet a second while the automobile was going a little less than one-twelfth that distance. In a little over four seconds the car would reach the crossing. The instant the car was seen, the power on the automobile was shut off and the automobile was stopped. It was shown that to reverse the automobile, it must come to a stop and then receive the power in reverse and that it was stopped within its length. All this took a slight fragment of time, but, in that all important fragment, the street car was upon them. It was also shown that the automobile was nearly fifteen feet long; that to instantly supply enough gasoline to greatly increase its speed in order to get out of the way, would have resulted in killing the engine and in stopping the machine. Under the circumstances the safest thing to do was to shut off the power in the hope the machine would stop before it got squarely on the track, and back it out of danger if it did not, rather than go forward and be certain of receiving the collision broad-side on. At any rate, the question of what was best to be done at that moment of sudden and awful peril became one to be instantly decided

in the light of all the circumstances in that thrilling moment, and was, therefore, one for the jury, and not a matter of law for this court. Neither can this court say, in view of the testimony that the car was running at a high rate of speed and that plaintiff looked south before starting across, that she was guilty of contributory negligence.

In the case of Markowitz v. Railroad, 186 Mo. 350, cited in opposition to this view, the street car was moving "very slowly" so that if plaintiff in that case had looked at any time before starting upon the track she would have seen the car and would not have been struck. But, if the car had been moving so swiftly that it could flash on the scene in the slight interval between the time plaintiff looked the first time and then looked the second time after having looked once the other way, the court would not have said that, as a matter of law, plaintiff was guilty of contributory negligence. There were also other facts in the case which render it inapplicable to the facts here. And the same is true of other cases cited on this point.

If the car, in the case before us, had been going at a proper rate of speed it would not have been able to reach the crossing in the time between plaintiff's first look south and the time of collision, and this would show, or at least justify the jury in finding, that it was the excessive speed that caused the injury and not the alleged negligence of plaintiff. This does not mean that, if plaintiff saw or should have seen the street car coming and undertook to cross in front of it, miscalculating its distance and speed and the time it would take to cross with the automobile, she could recover, but only means that, having once looked south as the automobile turned to cross, plaintiff cannot be charged with contributory negligence, as matter of law, because she did not keep her eyes to the south but allowed the automobile to

start across while she looked to the north for a moment. The question of whether a person is guilty of contributory negligence depends upon the circumstances of each case. [Hoag v. Railroad, 111 N. Y. 199, 1. c. 203.] And in this case the fact that plaintiff looked once to the south and then to the north and then again to the south, coupled with the excessive speed of the street car, are circumstances which take the case out of the operation of those cases which have held the injured person guilty of contributory negligence as a matter of law.

It is not necessary to decide whether the husband's alleged negligence in this case can be imputed to the wife. Ordinarily it is held that the negligence of the driver cannot be imputed to the injured person unless the former is the agent of the latter. [3 Elliott on Railroads (2 Ed.) sec. 1174; Markowitz v. Metropolitan St. Ry., 186 Mo. 350] But defendant took the position that plaintiff's husband was not her agent in running the car, and succeeded in getting the trial court to exclude the husband's testimony on the ground that he was not competent because he was her husband. (Whether this was a correct ruling or not we do not decide, nor do we even intimate an opinion thereon.) It is immaterial, however, whether the husband was plaintiff's agent in this instance or not, because there was no contributory negligence, as matter of law, shown against him. He had no better opportunities of seeing than did his wife, and there is evidence that he turned the car out in order to better see up and down the track and to make the turn properly, and it was also shown that, when the wife did see the car, he saw it as soon as she, and instantly did his utmost to keep the machine out of danger. If the street car had been running at a lawful or even a reasonable rate of speed, when the occupants of the machine saw the car 220 feet away, there still would have been ample time to cross before

the car reached the point of collision. And even if he had seen the car in the distance, when the wife first looked south, there is nothing to show that he would have had notice of its unlawful speed. Until the speed of the car was discovered he would have had the right to presume the speed ordinance would not be violated, especially at this point where the traffic on these two important streets was very heavy. Consequently, there is no showing of contributory negligence on his part, or at least not a sufficient showing to justify us in saying, as matter of law, that he was negligent. [Moon v. St. Louis Transit Co., 237 Mo. 425, l. c. 434.] In addition to this, contributory negligence is an affirmative defense and the burden was on defendant to show it. And, in the absence of evidence to the contrary, the presumption is that the husband did look before he started across. [Stotler v. Railroad, 200 Mo. 107, l. c. 146.]

The point is made that there is no evidence showing that the excessive speed was the proximate cause of the injury. We think that the foregoing shows that there was sufficient evidence from which the jury could find that the speed was the proximate cause.

Objection is also made to plaintiff's instruction No. 1 because, although it covered the defense of contributory negligence on the part of the plaintiff, yet it said nothing about the contributory negligence of the husband. It is not necessary to decide whether or not this should be done in any event, because in this case the question is not properly raised. The answer pleaded only plaintiff's contributory negligence and said nothing about the negligence of the husband. Hence plaintiff's instruction did not have to be any broader, since it was as broad as the issues made by the pleadings. [Summers v. Met. Life Ins. Co. 90 Mo. App. 691, l. c. 701; Aultman & Taylor Co. v. Smith, 52 Mo. App. 351, l. c. 356.] Again, to impute the negligence of the husband, it must appear that he

was her agent in driving the car. And to escape liability on the ground of the husband's imputed negligence, the answer should have set up the facts which would in law allow the negligence of the husband to be imputed to plaintiff. The mere fact that the wife owned the automobile was hardly sufficient to render unnecessary the pleading of the husband's imputed negligence. This was not done nor was contributory negligence on the part of the husband, as matter of law, shown by the evidence.

There is no ground upon which we can be justified in disturbing the verdict. Consequently it must be affirmed. So ordered. All concur.