## MAUD IRWIN, Respondent, v. ARCH McDOUGAL and MRS. ARCH McDOUGAL, Appellants.[*]

In the Springfield Court of Appeals, July 1, 1925.

1. **TRIAL PRACTICE:** Automobiles: Speed of Car: Physical Facts: Error in Permitting Unqualified Witnesses to Testify as to Speed of Car Held Harmless Where Physical Facts Showed Dangerous Rate of Speed. In action by automobile guest against owner and driver of car for injuries, permitting witnesses for plaintiff to testify as to the rate of speed the automobile was traveling when the same witnesses testified to a state of facts which showed they were not qualified to judge the speed of the car *held* harmless error where the physical facts, established by witnesses for both parties litigant showed beyond the possibility of a doubt that the car was moving at a dangerous rate of speed at the time of the accident.

2. **NEGLIGENCE:** Automobiles: Proximate Cause: Facts Held to Warrant Finding That Dangerous Rate of Speed was Proximate Cause of Injury. In action by automobile guest for injuries based on alleged dangerous rate of speed of car, facts that car, at time of accident, left the beaten path of the road, ran against a bank at side of road, turned over and stopped, and that plaintiff and another were thrown out of the car and a distance of twenty or thirty feet away, *held,* to warrant a finding that the dangerous rate of speed was the proximate cause of the injury.

3. **MASTER AND SERVANT:** Automobiles: Guests: Evidence Held to Show Driver was Agent of Owner at time of Injury to Guest. In action by automobile guest for injuries, evidence that on request of defendant, owner of the car, plaintiff changed from another automobile to that of defendant, which was thereafter driven by defendant's mother until time of accident, *held* to show that defendant's mother became his agent and plaintiff his guest.

4. **PLEADING:** Variance: Practice: Allegation Held Harmless Variance. In action by automobile guest against owner and driver for juries, allegation of petition alleging joint control of car at time of

injury by both defendants, while proof showed sole control by driver, *held* not a total failure of proof but rather a variance, which had worked no injury; but better pleading would have been to have alleged the facts of agency and owner's responsibility for driver's negligence in direct terms, rather than the allegation pleaded.

5. **NEGLIGENCE: Automobile Guests: Degree of Care Required.** A passenger or guest in an automobile must use ordinary care for his own safety, and when the exercise of such care requires that he call the attention of the driver to approaching danger, he must do it or be open to the charge of contributory negligence.

6. ———: **Pleading: Defenses: Contributory Negligence, Where Not Pleaded, Not Available as Defense Unless Shown by Evidence as Matter of Law.** In action by automobile guest against owner and driver for injuries, defendants not having pleaded contributory negligence, it is not available to them unless plaintiff's evidence shows that she was guilty of contributory negligence as a matter of law.

7. ———: ———: ———: **Contributory Negligence Held Not Available to Defendants Who Did Not Plead It.** Defendants not having pleaded plaintiff's contributory negligence, and plaintiff's evidence not showing that she was guilty of contributory negligence as a matter of law, *held*, that it is not available to defendants.

8. **TRIAL PRACTICE: Instructions: Assuming Issuable Fact in Instruction Held Not Reversible Error, Where Conclusively Established by Evidence.** In action by automobile guest against owner and driver for injuries, error in instruction, in assuming that driver was agent of owner, which was a fact in issue, *held* harmless, where evidence conclusively showed that driver was agent of owner.

9. ———: ———: **Assuming Issuable Fact in Instruction Not Always Reversible Error.** An instruction to the jury should never assume as true a fact in issue, but it is not reversible error to do so if it clearly appears that the assumed fact has been clearly established by uncontradicted testimony, and that no injury could likely have resulted from the assumption of such fact as true in the instruction of the court to the jury.

10. **DAMAGES: Husband and Wife: Error to Allow Plaintiff, married Woman, Damages for Medical and Hospital Services Without Showing That She Paid Same.** In action by married woman for injuries, instruction authorizing jury to include in assessing damages bills for medical attention and hospital services was erroneous, in ab-

sence of showing that plaintiff had paid these bills, as the liability for these items rested primarily on her husband, and the right of action to recover therefor was in him and not in the plaintiff; the Married Woman's Act, which authorizes married woman to contract as *feme sole*, not having changed common-law rule by which husband is primarily liable for her support.

11. **APPELLATE PRACTICE: Remittitur: Error in Assessing Damages Held Curable by Remittitur.** Error in authorizing jury, in action by wife for injuries, to include medical and hospital bills in assessing damages. can he cured by remittitur, where amount awarded therefor is clearly ascertainable and there is nothing to indicate that their inclusion influenced the jury in determining the main issue.

12. ————: **Errors Committed Harmless, Where Verdict Coula Not Have Been Otherwise, Even Though no Errors Had Been Committed.** In view of sections 1276 and 1513, Revised Statutes of 1919, errors committed on general issue were harmless, where verdict could not have been otherwise than it was if no errors had been committed.

---

*Headnote 1. Appeal and Error, 4 C. J., Section 2955; 2. Negligence, 29 Cyc., p. 625; 3. Master and Servant, 26 Cyc., p. 1575; 4. Appeal and Error, 4 C. J., Section 2921; 5. Motor Vehicles, 28 Cyc., p. 37; 6. Negligence, 29 Cyc., p. 581; 7. Negligence, 29 Cyc., p. 581; 8. Appeal and Error, 4 C. J., Section 3018; 9. Appeal and Error 4 C. J. Section 3018; 10. Husband and Wife, 30 C. J., Section 686; 11. Appeal and Error, 4 C. J., Section 3147; 12. Appeal and Error, 4 C. J., Section 3190.

Appeal from the Circuit Court of Jasper County.—*Hon. Grant Emerson*, Judge.

AFFIRMED (*on condition*).

*Grover C. James*, of Joplin, and *Mosman, Rogers & Buzzard*, of Kansas City, for appellants.

(1) Plaintiff's petition did not state facts sufficient to constitute a cause of action against defendant Arch McDougal. There was no allegation that the car was driven by his agent or that the driver was within the scope of the employment or in the furtherance of his

business or interests. Drolshagen v. Railroad, 186 Mo. 258; Borah v. Motor Co., 257 S. W. 147; Anderson v. Nagel, 259 S. W. 858; Llywelyn v. Lowe, 239 S. W. 538; Bolman v. Bullene, 200 S. W. 1068; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286; Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854. (2) The court erred in refusing to sustain the separate demurrers offered by the defendants at the close of plaintiff's evidence. 1. Because there was no allegation or proof of agency of the driver of the car. 2. Because there was neither allegation nor proof that the driver was operating the car in the course of her employment or in the furtherance of the interests of defendant Arch McDougal. Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854; Drolshagen v. Railroad, 186 Mo. 258; Borah v. Motor Co., 257 S. W. 147; Anderson v. Nagel, 259 S. W. 858; Llywelyn v. Lowe, 239 S. W. 535; Kilcoyne v. Metz, 258 S. W. 4; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286; Raming v. Met. St. Ry., 157 Mo. 509; Snyder v. H. & St. J. R. R., 60 Mo. 413; 27 Cyc., page 1571. (3) The mere ownership of the car did not make him liable if the mother was not his agent and about his business but was using the car for her own pleasure or business with his permission. Curtis v. Harrison, 253 S. W. 474; Mayes v. Field, 217 S. W. 589; Bright v. Thacher, 200 Mo. App. 301, 215 S. W. 788; Mast v. Hirsh, 199 Mo. App. 1, 202 S. W. 275; Buskie v. Januckowsky, 218 S. W. 696. 4. There was no substantial evidence of negligence on the part of the driver of the car and hence the court erred in submitting the case to the jury as to defendant Mrs. McDougal (See authorities cited under point 4). 5. Plaintiff's testimony showed that as a matter of law she was guilty of negligence which directly contributed to her injury. Berry's Law of Automobiles (3 Ed.), sec. 520; Leopard v. Railways Co., 214 S. W. 268; Fechley v. Traction Co., 119 Mo. App. 358, 96 S. W. 421; Rebillard v. Ry. Co., 216 Fed. 503; Rappaport v. Roberts, 203 S. W. 676; Burton v. Pryor, 198 S. W. 1120. (3) The court erred in refusing to direct the jury to return

a verdict in favor of defendants. See authorities cited under point 2. (4) 1. The court erred in permitting plaintiff's witnesses Sifferman, Goodman and Mrs. Garner to testify as to the rate of speed of the automobile. Priebe v. Crandall, 187 S. W. 605; Wilson v. Flour Mills, 245 S. W. 205; Bibb v. Grady, 231 S. W. 1023; Seager v. Foster, 167 N. W. 681; Pease v. Cochran, 173 N. W. 158. 2. The court erred in the admission of improper and incompetent evidence as to the medical, surgical and hospital bills incurred by the plaintiff. Twedell v. City of St. Joseph, 167 Mo. App. 547, 152 S. W. 432. (5) The court erred in giving to the jury plaintiff's instruction 1. Warrington v. Bird, 186 Mo. App. 385, 151 S. W 754; Fleischman v. Polar Wave Ice Co., 148 Mo. App. 17, 127 S. W. 660. (6) The court erred in overruling defendants' motion for a new trial.

*M. R. Lively,* of Webb City, for respondent.

The appellants have signed six specifications of error. The first, that the petition does not state facts sufficient to constitute a cause of action against defendant, Arch McDougal. Under the record of this case the defendants answered petition and waived any defect in the petition except its failure to state any cause of action; all reasonable intendments being adjudged in favor of the petition after verdict and judgment. Hoover v. City of Fulton, 177 Mo. App. 95; Angle v. Churchill, 246 Mo. 100. Where the petition is capable of amendment and imperfectly pleaded cause if sufficient to bar another action for the cause, the petition will be held good on verdict. State ex rel. Gardner v. Welch, 177 Mo. App. 60. The petition is sufficient in action for injuries caused by the servant, defendant, Arch McDougal, after verdict to prove that a servant was acting within the scope of employment. Fleishman v. Polar Wave Ice and Fuel Co., 163 Mo. App. 416. Where evidence in record supports the judgment, appellate court will not reverse. La Rue

v. Bloch, 255 S. W. 321; Googen v. Modern Woodmen, 194 Mo. App. 666. Two or more jointly hiring a vehicle for common purpose, agreeing one shall drive it, is joint adventure in which there is common responsibility for negligence in its operation. Coleman v. Bank (Conn.), 124 Mo. App. 224. Guest and driver of automobile have not engaged in joint enterprise. Meyers v. Southern Pacific Railway Co., 218 Pac. 284. If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, expressed or implied, to act for all in respect to the control of the means or agency implied to execute such common purpose, the negligence of one in the management thereof will be imputed to the others. 20 R. C. L., page 122; 29 Cyc., page 543. A petition which can be amended to state a cause of action without changing the cause defectively stated is good after verdict. Nichols v. R. J. and W. M. Boyd Construction Co., 177 Mo. App. 127. The petition was attacked because it does not allege the humanitarian doctrine and the plaintiff's instruction did not require it and both were approved as the petition stated a cause of action. Aga Construction Co. v. United Railway Co. of St. Louis, 203 S. W. 483. The sufficiency of the petition to state a cause of action was not questioned by demurrer at the close of plaintiff's testimony and was not raised in a motion for a new trial; it is raised only in a motion in arrest of judgment. It is not reviewable here. Davis v. Barada-Ghio Real Estate Co., 163 Mo. App. 328. If there was a variance between the pleadings and the proof in this case that was waived by the defendant, the variance was immaterial. Sec. 1271, R. S. 1919. The defendant did not make any objection to the trial court of the material variance and did not file an affidavit of surprise or that they were misled and is estopped. Brown v. Railway Co., 50 Mo. 461; Newton v. Harvey, 202 S. W. 249. The petition alleges that the defendants were in possession of and had control of the automobile and the purpose was to drive to Springfield.

The evidence disclosed that the defendants were mother and son and constituted a family, and that they had an automobile. B. of E. 177; Respondent's A. of R., page —. Plaintiff was the invited and accepted guest of these defendants and a passenger in their automobile in their possession and under their control. An allegation that plaintiff was on defendants' premises by invitation is sufficient without stating the facts constituting the invitation. 29 Cyc., 567-568. Where plaintiff sets forth in the petition two contributing causes of action for which each of the defendants might be liable, she need not show specifically which one caused her injury. Miller v. Ingel, 185 Mo. App. 558. Where a petition would have been good after verdict, and defendant answered to the merits, demurrer to the evidence on the ground that the petition did not state a cause of action was properly overruled. Stamper v. Hammond Packing Co., 180 S. W. 1074. In passing on a demurrer to the evidence the plaintiff is entitled to every inference in her favor which the jury might properly indulge. Stevens v. Fisher, 161 Mo. App. 386. The conditions and circumstances in each case are matters for the jury. Second assignment of error is that the court erred in overruling defendants' demurrer to plaintiff's evidence. This point was waived as the record shows the defendants put in their testimony on the merits of the case. Cullin et al. v. Atchison County et al., 268 S. W. 93; Keammer v. Wells, 299 Mo. 249. The third assignment of error is that the court erred in refusing to direct the jury to return a verdict in favor of defendants. There was circumstantial and positive evidence of negligence in the driving of the automobile at a rapid rate of speed—reckless and dangerous rate of speed—so as to endanger the life and limb of plaintiff, and on the public highway for a distance of more than one-half mile in violation of section 19, Session Acts 1921, at page 91. The physical facts at the accident of the condition of this car after the accident, with the wheels broken, steering apparatus broken, up side down and two women thrown

a distance of thirty feet gives positive evidence of the rapid rate of speed the car was traveling. Running an automobile at a rate of speed above that permitted by the statute (twenty-five miles per hour for one-half mile) is prima-facie evidence. Cahona v. St. Louis Car Co., 178 Mo. App. 718; Dale v. Denver City Tramway Co., 173 Fed. 787. Mrs. McDougal and her son, an adult, were living together as a family. She spoke of the automobile as "our car." Where an adult son, living with his father, using his father's automobile purchased for general family use, with the father's consent, on a trip for his own pleasure, the relation of master and servant existed and the father was liable for the death of plaintiff's husband caused by the negligence of the son operating the car. Hays v. Hogan, 180 Mo. App. 237. The petition alleges the automobile was in charge of and under the control of both of the defendants, a joint enterprise, a jointly owned car, on a joint mission to Springfield, each had control of the automobile, both were responsible for the negligence in its operation. Coleman v. Bank (Conn.), 124 Mo. App. 224. If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, expressed or implied, to act for all in respect to the control of the means or agency implied to execute such common purpose, the negligence of one in the management thereof will be imputed to the others. 20 R. C. L., page 122; 29 Cyc., page 543. The plaintiff, Sifferman, Goodman and Mrs. Garner all qualified as to judgment on the speed of the automobile, and the evidence was material and competent. In a prosecution of homicide alleged to have been caused by negligence in the operating of an automobile by persons who are not experts, but who saw the automobile at the time in question and should be permitted to give their opinions as to the speed at which it was being operated. 2 R. C. L., page 1213; 30 L. R. A., page 459; Schultz v. State, 89 Neb. 130. An adult person of reasonable intelligence and reasonable exper-

ience in life is presumed to be capable, without proof of further quality, to express his opinion as to how fast the automobile which came under his observation was going at a particular time, and the courts have liberally admitted as evidence of speed the opinions of witnesses who actually saw the machine in motion at the time in question, and the force of such evidence does not appear to be weakened by vague expressions such as "the automobile was going like an express train" or "went very fast." 2 R. C. L., page 1202; Wolf v. Iness, 83 Conn. 174; McIntyre v. Orner, 166 Ind. 57; and other authorities. Under these authorities the evidence as to the rate of speed the automobile was traveling at the time of the accident and the distance together with the condition of the automobile and what happened at the accident are all competent to go to the jury as evidence of the speed at which the automobile was being driven. Appellants' specification five is that the court erred in giving to the jury plaintiff's instruction one. The jury should have been authorized, under the evidence, that Mrs. McDougal was a member of the family, and was authorized by her son to drive the car to Springfield on their joint mission. Hays v. Hogan, 180 Mo. App. 237; Fleishman v. Polar Wave Ice and Fuel Co., 163 Mo. App. 416. The second criticism is answered by the instruction itself which requires the jury to find that the plaintiff employed expert surgical and medical attention, hospital services and medicines reasonably incurred and necessary for treating her said injuries so sustained, and the reasonableness of the charges is supported by witness Smith. A. of R., page 36. Appellants' specification six is involved in the preceding specifications and the authorities are applicable. The only means by which an unsuccessful defendant may attack an adverse verdict or a motion for new trial to reach matters of exception is a motion in arrest of judgment to attack plaintiff's right to recovery on the fact of the record proper. The specification of error one is not one of exception in motion for new trial.

A motion in arrest of judgment must always be ground ed upon something apparent on the face of the pleadings. Slocum v. Insurance Co., 228 U. S. 381; King v. Kaw-Missouri Grocer Co., 175 S. W. 78. Contributory negligence is extensively argued by appellants but is not pleaded as a defense and is only available where the petition only fails to state any cause of action and when presented as a defense, necessarily assumes negligence on the part of defendant. 29 Cyc. 506. The presumption is that the duties fixed by law of customs on defendant at the time plaintiff entered the automobile would be discharged in due form, and every one to whom a duty is due has a right to assume that it will be performed. 20 R. C. L., page 118. Negligence of driver of a motor vehicle cannot be imputed to passenger so as to bar recovery by him for injury sustained. 2 R. C. L. page 43; 144 S. W., page 219. Indication of negligence of driver of private automobile to passenger arises only from or obvious drunkenness, not present in this case. Delaney v. Toronto (Ont.), 64, Dem. L. R. 122. The weight of the authority is that negligence of the driver of a private conveyance will not be imputed to a person riding with him but who has no control or authority over him, such as master and servant. A guest is released from imputation of negligence of a driver where (as in this case) the invitation has been accepted without knowledge of the incompetency of the driver. 29 Cyc., page 551-552; Marsh v. K. C. S. Ry. Co., 104 Mo. App. 577. The negligence of the driver is not imputable and the passenger is only required to exercise ordinary care. 29 Cyc., page 551. Contributory negligence is an affirmative defense which must be pleaded unless it is shown by plaintiff in making out his own case and will not be permitted, and is not available unless the plaintiff's evidence clearly shows so as to disprove the cause of action stated in the petition. State ex rel. Savings Trust Company v. Hollen, 165 Mo. App. 422; Benjamine v. Metropolitan St. Ry. Co.,

245 Mo. 598; Riley v. Metropolitan St. Ry. Co., 172 Mo. App. 470.

COX, P. J.—Action for damages for injuries sustained in an automobile accident. Plaintiff recovered $2000 and defendants appealed.

The evidence shows that on April 13, 1923, the two defendants, who are mother and son, the plaintiff and her husband and Mr. and Mrs. Hess were all going from Webb City, Missouri, to Springfield, Missouri, to attend a masonic entertainment. When they started, the two McDougals, the defendants herein, rode in their own car with Mr. Arch McDougal driving and were in the lead. Which one of the McDougals owned this car does not clearly appear in this record but counsel concede in this court that the car belonged to Arch McDougal. The plaintiff and her husband and Mr. and Mrs. Hess followed in a car belonging to Mr. Hess and driven by him. They traveled that way for a considerable distance when Mr. McDougal stopped his car and waited until the Hess car came up. Up to this time it appears that plaintiff and her husband were the guests of Mr. Hess and were riding in his car. When the Hess car caught up with Mr. Arch McDougal, he then suggested that plaintiff and Mrs. Hess change from the Hess car to the McDougal car and his mother would drive it the remainder of the way to Springfield and he would ride in the Hess car. This change was made as suggested by him and from that point until the accident Mrs. McDougal drove the McDougal car with the ladies in it and Mr. McDougal rode in the Hess car. Some time after the change the McDougal car, which was then in the lead and driven by Mrs. McDougal, came to a. cross road and she stopped to learn which road to take. The men then passed her. The plaintiff testified that after Mrs. McDougal got her car started again, it zig-zagged, going first to one side of the road, then to the other side for a short distance, then it straightened out and was running at a rapid rate of

speed for some distance and the next she knew she be-
came conscious some two or three weeks later in a
hospital in Springfield. It was shown by other witnesses
that the road at the place of the accident was a good
graveled road with a slight downward slope and that
the car was going at a rapid rate of speed when it left
the road and ran against a bank at the side of the road
and turned over. As it turned over, plaintiff and Mrs.
Hess, who were riding in the rear seat, were thrown out
of the car and away from it a distance of twenty or thirty
feet and both were rendered unconscious. Mrs. Hess
soon revived but plaintiff was severely injured and did
not recover consciousness for two or three weeks after-
ward.

The foregoing are the material facts and are prac-
tically undisputed except as to the speed at which the
McDougal car was traveling at the time of the accident.
The defendant's witnesses contend that at no time did
this car travel to exceed twenty-five miles per hour while
some of plaintiff's witnesses estimated the speed of the
car at the time of the accident at from forty to fifty miles
per hour.

The case went to the jury on one ground of negli-
gence only and that was the dangerous rate of speed.
On the speed of the car the witnesses differed and one
assignment of error is based on the ground that the
court permitted witnesses for plaintiff to testify as to
the rate of speed the automobile was traveling when the
same witnesses testified to a state of facts which showed
that they were not qualified to judge the speed of the
car. We think the objections to some of this testimony
should have been sustained but do not regard the error
as reversible or material. If we omit all the testimony
of plaintiff's witnesses as to the speed at which the
car was moving at the time of the accident, yet the phys-
ical facts testified to by witnesses for both plaintiff and
defendants and about which there is no dispute show
beyond the possibility of a doubt that the car was mov-

ing at a dangerous rate of speed at the time of the accident. These physical facts are that the car left the beaten path of the road, ran against the bank at the side of the road, turned over and stopped. As it turned over it threw plaintiff and Mrs. Hess, who were riding in the rear seat of the car, out of the car and a distance of twenty or thirty feet away. These facts show conclusively that the speed of the car was dangerous and what any witness may have testified in relation to the speed of the car became wholly immaterial. The fact that an automobile when striking an obstruction would throw its occupants such a distance establishes a dangerous rate of speed beyond question and also warrants a finding that the dangerous rate of speed was the proximate cause of the injury.

It is insisted that the separate demurrer to the testimony filed by Arch McDougal should have been sustained because he was not driving the car nor present when the accident occurred and that there is no evidence to show that his mother, who was driving the car, was his agent and engaged at the time in some business for him. We are cited to a number of cases of which Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, is a type, which hold that in order to fasten liability upon a party for an injury inflicted in his absence by the negligence of the driver of an automobile, it must be shown that the driver was his agent and engaged at the time in the performance of a duty for the principal. These cases correctly state the law but our judgment is that the facts in this case clearly bring it within the rule there stated. While all these parties were going to Springfield for their own pleasure, it was not a common enterprise. No agreement to share expenses or divide responsibility in any way was shown. The plaintiff and her husband were riding with Mr. Hess in a car owned and driven by him. If there were any arrangements between Mr. Hess and plaintiff and her husband other than that they were the guests of Mr. Hess, it does not appear. Certain it is that

up to the time that the ladies changed from the Hess car to the McDougal car, there was no relation of any kind existing between the McDougals and plaintiff. When, however, defendant Arch McDougal, on his initiative, asked the plaintiff and Mrs. Hess to change cars and ride in the car to be driven thenceforward by his mother, the plaintiff, when she accepted his invitation, became his guest and his mother became his agent to convey plaintiff to Springfield for him. To our mind, it would be difficult to show an agency which would render the principal liable for the negligence of his agent more clearly than these facts show it in this case.

It is also insisted that the evidence does not establish the cause of action pleaded in the petition, in that the petition alleges joint control of the automobile by both defendants while the proof shows sole control by Mrs. Arch McDougal at the time of the accident. We do not regard this as a fatal variance. The negligence pleaded is the negligence of Mrs. McDougal and the only purpose of the allegation of joint control by her and her son, Arch McDougal, was to allege that he was responsible for her negligence. We think it would have been better pleading to have alleged the facts of agency and his responsibility for the mother's negligence upon that theory in direct terms but we do not regard this as a case showing a total failure of proof. It seems to us to be rather a variance, only, which has worked no injury and we rule this point against appellants.

It is contended that plaintiff was guilty of contributory negligence in not protesting to Mrs. McDougal against the speed at which she was driving. It is impossible for courts to lay down fixed rules by which to determine just when and under what circumstances an automobile should be driven from the rear seat. Each case must rest upon its own facts. The courts all agree, however, that a passenger or guest in an automobile must use ordinary care for his own safety and when the exercise of such care requires that he call the atten-

tion of the driver to approaching danger, he must do it
or be open to the charge of contributory negligence. [3
Elliott on Railroads (3 Ed.), sec. 1670.]

Contributory negligence is not pleaded in the answer
in this case and for that reason is not available to de-
fendants unless plaintiff's evidence shows her to have
been guilty of contributory negligence as a matter of
law. [State ex rel. Savings Trust Co. v. Hollen, 165 Mo.
App. 422, 146 S. W. 1171; Byerley v. Metropolitan Street
Ry. Co., 172 Mo. App. 470, 158 S. W. 413; O'Neill v. City
of St. Louis, 292 Mo. 656, 661, 239 S. W. 94.]

Plaintiff testified in this case that the car was mov-
ing at a pretty good rate of speed but she did not know
how fast because she never owned a car or drove one
and never rode in one much. We do not think her evi-
dence here showed she was guilty of contributory negli-
gence as a matter of law and we rule that point against
appellants.

Plaintiff's instruction No. 1 is assailed on the ground
that it assumes that Mrs. Arch McDougal was the agent
of her son in driving the automobile and that the jury
were not required to find that the mother was driving
the car in the furtherance of any business for him at the
time of the accident. The instruction is open to these
objections but we do not regard the error as reversible
for the reason that these facts are clearly shown by un-
disputed evidence. The plaintiff testified: "Mr. Mc-
Dougal and his mother were in the lead in their car,
so we drove that way until about this side of Mt. Vernon
and Mr. McDougal stopped his car and when our car
drove up he suggested that Mrs. Hess and I get in the
car with his mother and he would get in the car with
Mr. Hess and Mr. Irwin and we did. Then we started
on. He said his mother would do the driving and asked
us to make the change." Relative to the same matter,
defendant Arch McDougal testified: "I did not men-
tion to my mother about changing passengers. When
the Hess car came up I asked Mr. Hess how he was

getting along—if he was getting tired—and he said a 'little bit,' and I told the women, Mrs. Irwin and Mrs. Hess, that they could ride with mother and I would relieve Mr. Hess; that our car was an easier rider and if it rained, they would have good curtains.'' There is no substantial difference in the testimony of plaintiff and defendant Arch McDougal in detailing the facts about plaintiff changing from the Hess car to the McDougal car. Arch McDougal had testified that he drove their car from the start until the time that the change in cars was made by plaintiff. He was in control of the McDougal car up to that time and then he states that without saying anything to his mother about changing passengers he arranged for the change. By that change his mother became the driver of the car which he had driven up to that time. It was all done at his suggestion and the plaintiff, on his invitation, became a passenger in the car to be driven thenceforward by his mother. An instruction to the jury should never assume as true a fact in issue but it is not always reversible error to do so. If it should appear that the assumed fact has been clearly established by uncontradicted testimony and that no injury could likely have resulted from the assumption of such fact as true in the instruction of the court to the jury, then the error is not fatal. [Barr et al. v. Armstrong, 56 Mo. 577, 589; Cardwell v. Stephens, 57 Mo. 589, 595; Sotebier v. St. Louis Transit Co., 203 Mo. 702, 714, 102 S. W. 651; Davidson v. St. Louis Transit Co., 211 Mo. 320, 355-59, 109 S. W. 583.; Midway Bank & Trust Co. v. Davis, 288 Mo. 563, 581, 233 S. W. 406; Argeropoulas v. K. C. Ry. Co., 201 Mo. App. 287, 302-3; 211 S. W. 687; Flach v. Ball, 209 Mo. App. 389, 402, 240 S. W. 465.]

The evidence on the part of both plaintiff and defendants conclusively shows that in driving the car Mrs. McDougal was the agent of Arch McDougal and doing his bidding. The assumption of these facts as true in an instruction to the jury could not have possibly harmed defendants. The error was, therefore, not reversible.

We are not unmindful of the authorities such as Lafferty v. Casualty Co., 287 Mo. 555, 229 S. W. 750, and State ex rel. Hartford Life Ins. Co., v. Trimble, 298 Mo. 418, 250 S. W. 393, which hold that it is error to assume an issuable fact as true even though the evidence to support it be uncontradicted, but do not think we are in conflict with them under the facts in this case. '

The instructions authorized the jury in assessing damages to include bills for medical attention and hospital services and this is assigned as error. On that point appellants are correct. The Married Woman's Act, which authorizes her to contract as a *feme sole* and makes her separate earnings her own property, does not change the common-law rule by which the husband is primarily liable for the support of his wife which includes medical attention and hospital service. Had plaintiff paid these bills, she could recover them in this action. [Tinkle v. St. Louis S. F. Ry. Co., 212 Mo. 445, 471-72, 110 S. W. 1086.] There was no evidence in this case, however, to show that the plaintiff paid, or incurred personal liability for, the medical and hospital bills made necessary by her injury. In the absence of such a showing the liability for those items rested primarily upon her husband and the right of action to recover therefor was in him and not in the plaintiff. [Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443; Twedell v. City of St. Joseph, 167 Mo. App. 547, 152 S. W. 432; Flintjir v. Kansas City, 204 S. W. 951.]

The bill for medical attention in this case was $370 and the hospital bill was $270, making a total of $640 that we assume was included in the damages assessed. This was erroneous but since the amount is clearly ascertainable and there is nothing to indicate that the inclusion of these items in the instructions could have influenced the jury in determining the main issue of the right of plaintiff to recover any damages, this error can be cured by remitter.

The statutes of this State, sections 1276 and 1513, Revised Statutes 1919, provide that a judgment shall not be reversed unless the errors committed in the trial have operated to the prejudice of the losing party. In this case, we think the petition and the instructions to the jury could have been in better form but the undisputed testimony furnished partly by defendants, and the physical facts, which are also undisputed, make such a clear case of the agency of Mrs. McDougal for her son, Arch McDougal, and her negligence in driving the car at a dangerous rate of speed that we are convinced that the verdict could not have been otherwise than it was if no error had been committed at the trial and we therefore hold that such errors as were committed on the general issue were harmless.

As already suggested, the error in submitting the medical attention and hospital services as elements of damage may be cured remitter. If plaintiff will, within ten days, remit the sum of $640, the judgment will be affirmed for the balance of $1360. If remitter is not entered, the judgment will be reversed and the cause remanded. *Bradley* and *Bailey, JJ.,* concur.