**STOCKWELL v. GEE.**

No. 16819—Opinion Filed Sept. 7, 1926.

Rehearing Denied Oct. 5, 1926.

\ (Syllabus.)

**1. Damages—Liability for Personal Injuries Caused from Fright.**

One who willfully and wrongfully invades the rights of another and commits acts, which are intended to cause fright and terror, or which as a usual or ordinary result would tend to cause terror and fright. which result in serious nervous shock and physical injury to such other person, is liable to such person in damages, although no actual force or violence be used. \

**2. Appeal and Error—Question of Fact— Conclusiveness of Verdict.**

A judgment of a trial court based upon the verdict of the jury, in a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support it.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Ava E. Gee against Marion Stockwell. Judgment for plaintiff, and defendant appeals. Affirmed.

James A. Embry and Emery A. Foster, for plaintiff in error.

H. M. Jarrett, for defendant in error.

MASON, J. The defendant in error, as plaintiff. commenced this action in the lower court against the plaintiff in error, as defendant, to recover damages for the wrongful acts of the defendant whereby she was caused to suffer great physical pain and consequent temporary physical disability.

For convenience. the parties will be referred to herein as they appeared in the trial court.

Defendant's demurrer to the plaintiff's petition was overruled. after which his answer, consisting of a general denial, was filed and the case was tried to a jury on the issues thus formed. At the conclusion of the plaintiff's evidence the defendant interposed his demurrer thereto and moved for an instructed verdict. both of which were overruled. The jury returned a verdict of the plaintiff for $500 actual damages, upon which the court rendered judgment, and the defendant has duly perfected his appeal to this court, and for reversal assigns the following assignments of error:

First. Plaintiff's petition does not state a cause of action and the trial court erred in overruling defendant's demurrer thereto.

Second. The trial court erred in overruling defendant's demurrer to plaintiff's evidence. and in refusing to instruct a verdict for defendant.

The brief filed in support of such contentions fails to point out wherein plaintiff's petition was insufficient. and we therefore assume that plaintiff in error does not care to present this assignment and we will consider it as waived.

The next assignment involves a consideration of the evidence in the case. The evidence of the plaintiff discloses about the following state of facts:

The plaintiff, Eva E. Gee, and her husband were tenants of the defendant, Stockwell, and had the farm upon which they resided rented from him for the year 1924; that Stockwell also had a mortgage upon certain stock of the plaintiff; that about the 10th day of July, 1924, Mr. Gee and his oldest son, who was about 16 years of age, went to the harvest fields to find work, it appearing that he had his crops laid by, and that the family was almost in destitute circumstances; that the next day after they left, and for several days immediately thereafter, the defendant came to their home and in a loud and threatening manner demanded possession of the stock and premises. When the plaintiff informed him that she could not comply with his demands until after she had heard from her husband, she testified "that the defendant just walked the yard and carried on and raved and pushed his fist in my face; that is the way he went on and unnerved me and scared me nearly to death." Other witnesses testified that the defendant sent the plaintiff word by them that if she did not vacate the place he was going to throw her out in the section line if it cost him $500. The evidence also discloses that the plaintiff, who was at that time far advanced in pregnancy, was alone, except that several small children were present, and that she became so frightened that it became necessary for her to call in neighbors to stay with her; that immediately prior to said acts of said defendant, the plaintiff was enjoying good health, but that immediately thereafter she became very nervous and sick, and was confined to her bed for about six weeks and was threatened with a miscarriage, and that she had not been able to perform her household duties since that time; that she had been forced to pay medical expenses of approximately $100.

Counsel for plaintiff in error seems to be of the opinion that because the evidence fails to show the defendant used any actual force or violence he is not liable. The conduct of the defendant, as shown by the record, was most reprehensible, and such as in the opinion of the physician who attended the plaintiff would be apt to cause her physical condition. The defendant, of course, had a legal right to go to the home of the plaintiff and make proper demand for possession of the mortgaged stock preparatory to commencing an action therefor, but his further acts and his demeanor were unwarranted, unauthorized, and wrongful.

That a physical personal injury may be produced through a strong emotion of the mind, there can be no doubt. The fact that it is more difficult to produce such injury through the operation of the mind than through physical means, affords no sufficient ground for refusing compensation in an action where the injury is intentionally and wrongfully inflicted. It may be more difficult to prove connection between the alleged cause and the injury, but if it be proved and the injury be the proximate result, we cannot say that a recovery should not be had. See Yoakum et al. v. Kroeger et ux. (Tex.) 27 S. W. 953; Chicago & Northwestern Railway Co. v. Eliza Hunerberg, 16 Ill. App. 387; Brownback v. Katie E. Frailey, 78 Ill. App. 262; Bouillon v. Laclede Gaslight Co. (Mo.) 129 S. W. 401; Barbee v. Reese, 60 Miss 906.

In Watson v. Dilts (Iowa) 89 N. W. 1068, 57 L. R. A. 559, it was held that where a trespasser entered the home of a woman during the night, and, in an encounter with her husband, so frightened her as to cause her physical injury, the trespasser was liable in damages therefor. The court, in holding that the injury was the proximate result of the trespasser's wrongful act, said:

"It is within the common observation of all, that fright may, and usually does, affect the nervous system, which is a distinctive part of the physical system, and controls the health to a very great extent, and that an entirely sound body is never found with a diseased nervous organization; consequently, one who voluntarily causes a diseased condition of the latter must anticipate the consequences which follow it. The nerves being, as a matter of fact, a part of the physical system, if they are affected by fright to such an extent as to cause physical pain, it seems to us that the injury resulting therefrom is the direct result of the act producing the fright."

In St. Louis-San Franscico Ry. Co. v Clark, 104 Okla. 24, 229 Pac. 779, this court in the body of the opinion uses this language:

"It takes no argument to show that excitement and anger caused by rough insult are sufficient to produce physical injury to a human being, and especially to one already broken and suffering from the effects of poisonous gas to lungs and heart."

The trial court, in our opinion, properly overruled defendant's demurrer to plaintiff's evidence.

It is also contended by the plaintiff in error that all negotiations between him and Mrs. Gee were friendly, and that there was no evidence to support plaintiff's allegation that his acts were wrongful. The evidence on this question was conflicting, and the court properly submitted the question to the jury as to whether said acts were wrongful, and the verdict of the jury being supported by competent evidence, the same, under the well established rule of this court, will not be disturbed.

The judgment of the trial court is affirmed.

NICHOLSON. C. J., BRANSON, V. C. J., and PHELPS, HUNT, and RILEY. JJ., concur.