## STILLWATER MILLING CO. et al. v. TEMPLIN.

No. 27887.    March 22, 1938.

Clayton B. Pierce, Truman B. Rucker, and Fred M. Mock, for plaintiffs in error.

John Barry and O. A. Cargill, for defendant in error.

GIBSON, J. The defendant in error recovered judgment for personal injuries which resulted when an automobile, driven by her husband with whom she was riding, struck two other cars and a truck of the milling company, which she alleged was negligently allowed to remain in a dangerous position on the highway after it had been damaged in another accident to which it had contributed. The accident occurred at night in misty, rainy weather. Mrs. Templin was riding in the rear seat of the car. The car, according to the testimony of the occupants, was going between 20 and 30 miles per hour. The only place where vision could be had ahead was through the space cleared by the windshield wiper in front of the driver.

Another car ahead had approached the truck, had slowed down, and was just starting to go around the truck when the car in which plaintiff was riding approached from the same direction. Plaintiff's husband, being unable either to go around or to stop his car, crashed into the car ahead. Both cars, by the impact, were badly damaged and plaintiff severely injured.

For reversal plaintiffs in error contend that there was no proof to show that the Stillwater Milling Company was a Class C motor carrier, and that therefore the court had no jurisdiction over it and erred in submitting the question of the insurance company's liability to the jury. The argument is based primarily on the facts that the milling company is not a resident of Oklahoma county, plaintiff is not a resident of such county, and the accident did not occur in said county.

Assuming, for the sake of argument, that the plaintiffs in error can present this error jointly, we find that the position is not well taken. There were attached to the petition copy of the order of the Corporation Commission and copy of the insurance agreement. There was no denial under oath of the execution or validity of these two instruments. The evidence showed that the truck of the milling company was engaged in such traffic as brings it within the classification. The answer of the insurance carrier expressly admitted the execution of the insurance bond. In the brief of plaintiffs in error it is said:

"Now, it must be admitted, without further argument, that under this statute and the construction placed thereon by this court, the petition filed by plaintiff properly stated a joint cause of action against the two defendants, if the facts alleged therein were proven to be true."

The casualty company, having admitted the execution of the policy, is hardly in position to claim that its insured was not within the class for which it issued the policy. The milling company, having secured a Class C permit, which it did not deny, cannot deny its classification. At least there was enough evidence from which the inference could be drawn that the milling company was operating as a Class C carrier and that the casualty company was its insurer. With this view, it is unnecessary to decide whether the point of jurisdiction was properly raised at ·the proper time.

The next question presented is that the defendants were entitled to their requested instructions as to alleged contributory negligence of plaintiff's husband, who they allege in their answers was the agent of plaintiff. This question turns upon whether a verified reply to their answers was necessary, and if so, was there a waiver of such verification? There should have been a verified reply to deny the agency alleged. See Osenbaugh v. Virgin & Morse Lumber Co., 173 Okla. 110, 46 P.2d 952.

The record shows that when the case came for trial the question of the necessity for a reply was considered. It was then agreed that a reply might be considered as filed, but it was not agreed that it might be considered, as verified. Over objection, leave was granted to file a verified reply, but it was not filed. Nothing further was said or done in reference to the reply, and the case proceeded to trial. In its fourth instruction, given without objection, the court told the jury that a reply had been filed, controverting the material allegations of defendants' answers. The defendants did not object to going to trial without the actual filing of the reply, and did not insist on its being filed before proceeding. They are not in position to raise the question. Ward v. Coleman, 170 Okla. 201, 39 P.2d 113.

The court refused to give an instruction on contributory negligence and instructed the jury that the negligence of her husband was not imputed to plaintiff. This is true, but plaintiff was under the duty of exercising reasonable care for her own safety.

The court, of course, was correct in instructing the jury that the negligence, if any, of the husband was not imputable to ·the wife. · There was no joint enterprise and the agency was not proved. But it does not follow that the court should have determined as a matter of law that she was

not guilty of contributory negligence. The case of Hasty v. Pittsburgh County Ry. Co., 112 Okla. 144, 240 P. 1056, involved injuries to a wife riding in a car driven by her husband. The court rejected the plea of imputed negligence and joint enterprise, but said:

"What, if anything, plaintiff should have done, or omitted to do, in the exercise of reasonable care for her own safety, to prevent her injuries, depended upon the facts and circumstances. Thus the jury, under our Constitution, should have determined whether she was guilty of contributory negligence."

So here, we cannot weigh the evidence, or determine as a matter of law that the evidence of contributory negligence was insufficient. The circumstances themselves furnished some proof.

Testimony was produced from which the jury could have found the following, or some combination of the following facts: The night was dark and foggy, rainy or misty, so that visibility was poor; it was dangerous to proceed at a rate of speed exceeding 20 miles per hour; her car was proceeding at a speed exceeding 20 miles, possibly as much as 55 miles per hour—a "tremendous" speed. The driver of the car had been drinking. With proper headlights the occupants of the car should have seen the truck 200 feet away. The lights, both on the truck and on the car which was struck, were burning, so they could have been seen at a safe distance. The plaintiff did not warn her husband against the speed he was traveling. She was leaning forward over his shoulder talking to him and his companion, and had as clear a view as he had, if she had been looking. She suddenly screamed when she saw they were near the car ahead.

Of course, the foregoing facts were in ·dispute, but that is not the question here. Even had the jury found such a combination of them as would have constituted negligence, there was no instruction by which the jury could have applied such conclusion to the case.

As illustrative of some of the conclusions that might be reached from the facts related, the following citations may be helpful:

"It is impossible for courts to lay down fixed rules by which to determine just when and under what circumstances an automobile should be. driven from the rear seat. Each case must rest upon its own facts. The courts all agree, however, that a passenger or guest in an automobile must use· ordinary care for his own safety, and when

the exercise of such care requires that he call the attention of the driver to approaching danger, he must do it or be open to the charge of contributory negligence." Irwin v. McDougal (Mo. App.) 274 S. W. 923.

Frederick & Baltimore Transp. Co. v. Mumford (Md.) 139 Atl. 541, involved a collision where an automobile in which plaintiff was riding struck a parked truck and another car. The court held that it could not say as a matter of law that plaintiff was guilty of contributory negligence so as to take the case from the jury (as could be done in that state), but that it was a question for the jury under these facts:

"* * * The plaintiff relies on proof that the driver of the automobile was prevented from seeing the truck by the fog and mist and the dazzling headlights of a car passing the truck from the opposite direction, that the automobile carrying the plaintiff was being driven at a moderate speed, and that she had no control over its operation and did not see the truck until the moment of the impact. Under such conditions an inference of contributory negligence is not legally necessary. The most favorable view of the evidence from the standpoint of the defense would not justify a ruling that contributory negligence, either of the driver or the passenger, had been conclusively proved. The issue could not properly be taken from the jury, unless no other rational inference could be drawn from the testimony than that, in the exercise of due care, the driver of the automobile should have seen the unlighted truck and avoided the accident in spite of the effect upon his vision caused by the fog and the headlights of the passing car, or unless the ability and duty of the plaintiff, under the circumstances, to see the car, and warn the automobile driver of its presence, must be held to be so clear that normal judgments would not differ on the subject."

In a New York case it is said:

"The driver of the car was undoubtedly guilty of negligence in driving at the rate of 25 miles an hour on a dark and foggy night, and the claimant was guilty of contributory negligence in riding at that speed with him while occupying the front seat of the car. While I am aware that a passenger in a car stands in a different position than the driver thereof. if the passenger is injured, nevertheless, if the facts disclose, as they do in this case, that she made no protest as to the rate they were driving and was injured, she is precluded, in my judgment, from having a recovery for the injuries received." Costello v. State, 226 N. Y. S. 271.

In Norfolk & W. Ry. Co. v. James (Va.) 136 S. E. 660, a wife was riding in the rear seat of an automobile driven by her husband, when, proceeding in a dense fog at about ten miles per hour, he missed a curve and drove into a railroad cut unprotected by guards. The court discarded the theory of imputed negligence, and also laid down the rule that a wife might under some circumstances rely upon her husband properly to operate the automobile in which she is riding; but the court even there held that the question of whether she was guilty of contributory negligence was a question for the jury.

See, also, American Jurisprudence, title Automobiles, at section 475, and following, and the numerous citations referred to therein.

We have held:

"Where contributory negligence is made an issue, and there is any evidence introduced on the issue, the issue always must be submitted to the jury." Safeway Cab Service Co. v. Minor, 180 Okla. 448, 70 P.2d 76.

The doctrine of harmless error cannot apply here. We cannot say that the jury would have reached the same verdict if the proper instruction had been given. They might have believed a state of facts existed which made plaintiff guilty of negligence contributing to her injuries, but under the instructions as given this would not have been a defense.

For the failure to submit the question of contributory negligence to the jury, the case is reversed and remanded for a new trial.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.