LOYD v. CAMPBELL et al.

No. 35479. March 17, 1953.

*254 P. 2d 986.*

Charles E. Grounds and E. Keith Cooper, Seminole, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, for defendant in error Roscoe T. Campbell.

Draper Grigsby and Hal McPherson, Oklahoma City, for defendant in error Elbert Marion Fenton, Jr.

WILLIAMS, J. Parties are referred to herein as in the trial court.

On August 15, 1950, an automobile driven by defendant Elbert Marion Fenton Jr., was involved in an accident with a truck driven by defendant Roscoe T. Campbell, near Shawnee, Oklahoma.

On September 1, 1950, plaintiff, Nettie Loyd, who was a passenger in the automobile driven by Fenton, filed a suit for damages against defendants, Fenton and Campbell, alleging that both of them were guilty of negligence which resulted in the accident, setting out her injuries, and asking for damages.

Each defendant filed an answer consisting of a general denial, an allegation of negligence on the part of the other defendant, and further allegation

of contributary negligence by the plaintiff.

After the trial to a jury, a verdict was returned finding for defendants, and judgment was pronounced thereon. Plaintiff duly filed her motion for new trial, which was overruled, and now appeals to this court.

Plaintiff here argues the single proposition "that there is a complete lack of evidence tending to prove the essential facts which the jury had to find before returning a verdict for both defendants."

However, we have examined the record closely, and we find that the evidence is conflicting, and that there is a "hypothesis presented by the evidence" upon which the verdict may be justified.

Plaintiff, Nettie Loyd, testified that she was the grandmother of defendant Fenton; that she and Fenton were returning from a trip to California at the time of the accident; that the accident occurred when Fenton tried to pass the truck driven by defendant Campbell, which was going in the same direction.

Fenton testified that he was driving 50 or 55 miles per hour at the time of the accident; that he sounded his horn before he started to cross into the left-hand lane to pass Campbell's vehicle; that as he was passing, Campbell stuck out his arm briefly, then turned left into Fenton's right front fender; that Fenton's car went off the road and ran into a telephone pole.

Such testimony on the part of Fenton, if believed, would reasonably tend to support the jury's verdict in his favor.

Campbell testified that he first saw Fenton's car about 100 yards behind him; that he had his arm out in a left-turn signal for about 120 feet before he started to turn; that he was going about 15 miles per hour; that Fenton was going about 60 miles per hour; that Fenton didn't sound his horn till he had pulled out and was beside his (Campbell's) truck, and then only very briefly immediately before the crash.

Such testimony on the part of Campbell, if believed, would reasonably tend to support the jury's verdict in his favor.

Other witnesses generally tended to substantiate the testimony of the respective parties for whom they were testifying.

It is obvious that the jury could not have believed all of the testimony of both defendants, since there are direct conflicts therein. However, it is elementary that the jury is at liberty to accept or reject any or all of the testimony of any witness. In that connection, it might be suggested that the jury merely decided that the plaintiff had not established the allegations of her petition by a preponderance of the evidence, as the court instructed them that she must.

There was also presented certain testimony from which the jury might have been justified in finding the plaintiff guilty of contributory negligence. Such evidence was as follows: That plaintiff Loyd and defendant Fenton had driven for long hours during their trip back from California (5:15 p.m. Sunday to midnight; daylight to 10 p.m. Monday; daylight to 11:30 a.m. Tuesday when the accident happened; Sunday and Monday nights they slept in the car); that plaintiff, Loyd, never complained to Fenton about his driving. With regard to the truck ahead, it was shown that Mrs. Loyd had said in a deposition: "I wondered what the fellow was going to do. In my own mind I thought, is he going on, or going to turn." That she didn't say anything to Fenton about it.

In this connection, see Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732, wherein the court said:

"The negligence of a driver of a car is not imputed to his wife who is a mere passenger in the automobile he is driv-

ing, and she may to a large extent rely on his skill and experience; but she is, like any other passenger, within the rule which requires a guest to use ordinary care for his own safety. *What conduct makes a guest guilty of contributory negligence ordinarily is a question of fact to be decided by the jury under appropriate instructions.*" (Emphasis supplied.)

In the case at bar, the trial court properly instructed the jury on the issue of contributory negligence.

In Straughan v. Cooper, 41 Okla. 515, 139 P. 265, the court said:

"The sufficiency of the evidence to sustain a judgment will be determined in the light of the evidence tending to support same, together with every reasonable inference deducible therefrom, rejecting all evidence adduced by the adverse party which conflicts therewith."

By virtue of its general finding for defendants, and in view of the rule of law above quoted, the jury is presumed to have found either that defendants were not negligent, or that plaintiff was guilty of contributory negligence, or both. Of course, either of such findings alone would have been sufficient to sustain the verdict. This court has held that where there is any competent evidence reasonably tending to sustain the verdict of the jury, the same will not be disturbed on appeal, as stated in Burden v. Stephens, 174 Okla. 312, 49 P. 2d 1098:

"Where there is any competent evidence reasonably tending to sustain a verdict, in a law action, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, this court will not review the evidence for the purpose of determining the weight thereof, and substitute this court's judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal."

In the case at bar, there is no complaint that the instructions to the jury do not fairly state the applicable law.

Judgment affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.