Hattie Mae MUENZLER, Plaintiff in Error,

v.

John Beecher PHILLIPS and Herbert F. Muenzler, Defendants in Error.

No. 35624.

Supreme Court of Oklahoma.

June 8, 1954.

Rehearing Denied Nov. 9, 1954.

222

John B. Ogden, Oklahoma City, for plaintiff in error.

Cheek, Cheek & Cheek, Oklahoma City, for defendant in error John Beecher Phillips.

Grigsby, Foliart & Hunt, Oklahoma City, for defendant in error Herbert F. Muenzler.

DAVISON, Justice.

This action was brought by Hattie Mae Muenzler, as plaintiff, against her husband, Herbert F. Muenzler, and John Beecher Phillips, as defendants, to recover for personal injuries received in an automobile

collision. The parties will be referred to as they appeared in the trial court.

The collision occurred on March 19, 1950, in Oklahoma City, Oklahoma, at the intersection of East Nineteenth Street and Culbertson Drive, at about 5:00 or 6 o'clock in the afternoon. Nineteenth Street runs East and West; Culbertson, from the Northeast to the Southwest. The Muenzler car, driven by Mr. Muenzler with his wife riding beside him, was traveling East on 19th St.; the Phillips car, Southwest on Culbertson. Several bushes and shrubs were growing in the corners of the lawns at the intersection, partially blocking the view of motorists. Both cars were traveling at a moderate rate of speed, and as the Muenzler car started across Culbertson, it was struck by the Phillips car.

As a result of the collision, Mrs. Muenzler received numerous cuts and bruises and her kneecap was crushed and broken. She was taken to a hospital and was confined there about three weeks. For a number of weeks after that, she was treated at home. She filed suit for recovery for these injuries against Phillips, and, subsequently, changed lawyers and amended her petition by making her husband an additional party defendant. A trial of the cause to a jury resulted in a verdict and judgment for defendants. Plaintiff has perfected this appeal therefrom.

Although argued under three propositions, two general questions are presented for determination. The first is whether or not the trial court erred in the admission of allegedly incompetent testimony, particularly as to insurance carried by the defendant, Muenzler. One of plaintiff's witnesses was a lawyer engaged principally in investigations and adjustment of insurance losses. On cross-examination, he testified that he made an investigation of the accident, on the morning following, and that he did so on behalf of Mr. Muenzler, but some time later he furnished the report of that investigation to the adjuster representing Mr. Muenzler's insurer. The purpose of much of the cross-examination was to determine whether or not his activities in connection with the case were on behalf of the insurance carrier and where his interest lay. On cross-examination of the plaintiff, it was further shown that, by deposition, she had testified that, after discussing with her lawyers about her husband's insurance, he was made an additional defendant.

■ The briefs of the parties, among other arguments, contain much discussion and citation of authority that such testimony is admissible on cross-examination to show the interest or prejudice of the witness. Also, there is argument that plaintiff waived any objection to the testimony by voluntarily going further into the matter of insurance, upon redirect examination of the witness. But these points need not here be determined since there are other reasons why the admission of the testimony did not constitute reversible error. Testimony as to the defendant carrying indemnity insurance is excluded because, if irrelevant, it is prejudicial to the defendant (not the plaintiff). The rule is discussed at length in the case of Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033, 1035, which has been relied upon and followed in most of the subsequent opinions. Therein, it was pointed out that,

"* * * We may say, however, that the general rule is justified by long experience which has clearly established the fact that juries are prejudicially influenced against defendant by irrelevant remarks of counsel and witness calculated to convey to the jury the knowledge that the defendant is protected against loss."

A thorough search of the record in the instant case, fails to disclose how the evidence was, in any way, prejudicial to plaintiff's case.

■ Another reason why the admission of the evidence does not constitute reversible error, is the fact that, although there were many questions and answers relative to the insurance angle, the objections and exceptions of plaintiff went only to three or four. No motion was made to strike the objected-to testimony from the record. Nor was there a motion to instruct the jury not to consider it. Nor was there a motion for a mistrial. If the evidence was im-

proper and an instruction to the jury not to consider it was not sufficiently curative, then the error of the trial court, if any, would be the failure to adjudge a mistrial after proper motion therefor. This court has not, heretofore, had occasion to pass on this point, but in the case of Hatfield v. Levy Bros., 18 Cal.2d 798, 117 P.2d 841, the California Court held that defendants could not successfully claim prejudice from such evidence, in view of the fact that no objection was made until after the witness had left the stand and that, even then, the defendants made no motion to strike either the question or the answer, or asked the court to instruct the jury not to consider the reference to insurance and did not move for a mistrial until after the witness was excused and at the close of the evidence in the case. Such steps are necessary to preserve the question for review here. A review of the cases wherein this court has held that the admission of that kind of irrelevant testimony constituted reversible error, discloses that the question was preserved by an immediate motion in the trial court to declare a mistrial. See Beatrice Creamery Co. v. Goldman, supra. Hankins v. Hall, 176 Okl. 79, 54 P.2d 609; Harris v. Elliott, 178 Okl. 98, 61 P.2d 1089; Bratten v. White, 181 Okl. 543, 75 P.2d 474 (and cases therein cited); Bacon v. Wass, 200 Okl. 581, 198 P.2d 423.

■ The other evidence objected to, had to do with the activity of the witness, Woodard, in securing the services of an attorney for the plaintiff. The testimony was proper to show the witness' interest and prejudice in the case, if any.

The second question for determination is the alleged error of the trial court in giving an instruction to the jury which submitted the issue of contributory negligence on the part of plaintiff. She here argues that there was no evidence tending to support that issue. It is urged that "A guest does not assume the risk of danger arising from host's failure to come to a complete stop before entering an arterial highway." Milwaukee Automobile Ins. Co., Limited, Mutual v. Felten, 229 Wis. 29, 281 N.W. 637. And, for the same reason, "A guest cannot be held guilty of any negligence in a driver's failing to stop or to slow down sufficiently to avoid a collision."

■ The evidence tends to prove that the street intersection where the collision occurred was dangerous in that the shrubbery on each side of 19th Street seriously obstructed the vision of approaching cars on Culbertson; that plaintiff's husband reduced the speed of the car only slightly before driving into the intersection; that plaintiff was sitting on the front seat of the car and looking straight ahead; that she made no effort to determine whether or not other cars were approaching the intersection on Culbertson; that she glanced to the left and saw the Phillips car just before the collision and screamed; that she did nothing in the way of precaution for her own safety. Whether or not she used ordinary care for her own safety was a question of fact for the jury.

■■ The rule applicable to such situations was stated in the case of Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732, 733, as follows:

"The negligence of the driver of a car is not imputed to his wife who is a mere passenger in the automobile he is driving, and she may to a large extent rely on his skill and experience; but she is, like any other passenger, within the rule which requires a guest to use ordinary care for his own safety. What conduct makes a guest guilty of contributory negligence ordinarily is a question of fact to be decided by the jury under appropriate instruction."

The case was recently cited and followed in the case of Loyd v. Campbell, 208 Okl. 212, 254 P.2d 986. Herein, the issue was properly submitted to, and determined by, the jury. The province of this court is not to question the verdict of a jury which is supported by competent evidence upon an issue submitted under proper instructions.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.

BLACKBIRD, J., dissents.