Gerald WADE, by and through his Mother and Next Friend, Jane Wade, Plaintiff in Error,

v.

Don REIMER, Defendant in Error.

No. 38954.

Supreme Court of Oklahoma.

Feb. 28, 1961.

D. Warren Crisjohn, Dove Creek, Colo., Arthurs, Blackstock & McMillan, Bristow, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

IRWIN, Justice.

Plaintiff, a minor 17 years of age, instituted this action (through his mother) to recover damages for personal injuries. He and another boy were passengers in a pickup truck driven by the defendant. They were proceeding west from their home town of Yale, Oklahoma, and were en route to a show in Stillwater. It was early in the afternoon of March 8, 1958. Shortly after they left Yale it started raining hard and puddles of water began to accumulate on the surface of the highway. Defendant, driving at a speed estimated variously from 50 to 65 miles per hour, steered the vehicle so as to avoid these puddles. As they approached a point approximately 10 miles west of Yale, the two right wheels of the pick-up suddenly came off the pavement to the right shoulder of the road. The vehicle slid "sideways" back across the entire concrete width of the highway and then through the adjoining bar ditch crashing into a tree. After jury trial resulted in a verdict and judgment for the defendant, and a motion for a new trial overruled, plaintiff appeals.

■ At issue is the correctness of trial court's instructions. The record reflects no requested instructions submitted by the plaintiff and no exceptions saved or taken to any instructions given by the trial judge. Under this state of the record our review is confined solely to the question of determining whether the instructions challenged on appeal are free from fundamental error. Barnes v. Oklahoma Transp. Co., Okl., 318 P.2d 455; National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316; see also Wasson v. Davis, Okl., 283 P.2d 807, and Wilson v. Shawnee Milling Company, Okl., 292 P.2d 147.

■ Error is predicated, inter alia, upon the failure of the trial judge to instruct the jury that a violation on the part of defendant of Title 47 O.S.Supp.1955 § 121.3 (a), (known as "reckless driving" statute) constitutes negligence per se and makes out a prima facie case in favor of the plaintiff, whereupon the burden of overcoming the resulting presumption of negligence rests upon the defendant. Cited in support of this contention is Garner v. Myers, Okl., 318 P.2d 410. We have examined that case and find that it is not applicable in the instant case. In the cited case the evidence showed beyond any dispute that at the time of collision defendant was proceeding on the wrong side of the highway under conditions which brought her in violation of an explicit state statute Title 47 O.S.1951 § 121.4(f) (1) and (i) (1). This proof, when undenied, established that which the statute expressly proscribes. In the present cause defendant did not admit negligence and his alleged reckless driving,

within the meaning of Title 47 O.S.Supp. 1955 § 121.3(a), presented a disputed issue of fact.

■ We are not persuaded by the argument that the issue of whether defendant violated the reckless driving statute should be treated as uncontroverted because there was evidence of his plea of guilty to that offense in a criminal prosecution arising out of the same accident. Such plea, when introduced in a subsequent civil action, does not operate to remove an issue from the consideration of the jury nor is it admitted as a judgment establishing the fact and binding the defendant. Rather, this evidence serves to show a deliberate admission or declaration against interest. The ultimate question of negligence remains one for the jury. Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015; Zumwalt v. Moran, Okl., 260 P.2d 725; see annotation in 18 A.L.R.2d at page 1311.

■■ The provisions of Title 47 O.S. Supp.1955 § 121.3(a) declare that a vehicle shall be operated "at a careful and prudent speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive * * * at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead." The terms of this statute, it is readily seen, do not impose any positive objective standards nor do they prescribe any greater or lesser degree of care than that required of a driver under the prevailing rules at common law. Whether the conduct of an operator measures up to the standard of conduct enjoined by this statute depends in each case upon the factors specified and contemplated therein and the physical conditions at the time and place of the accident. Before a driver may be found guilty of violating this enactment, the triers must necessarily conclude first that his actions amounted to ordinary common law negligence. The jury was sufficiently instructed on general rules of common law negligence. A further charge on negligence per se, when applied to the stat-

ute under discussion, would have been at most redundant. There was no fundamental error in failing to give such an instruction. See Townsend v. Cotten, 180 Okl. 128, 68 P.2d 790; Ironside v. Ironside, 188 Okl. 267, 108 P.2d 157, 134 A.L.R. 621; Maddox v. Bridal, Okl., 329 P.2d 1049; Green v. Thompson, Okl., 344 P.2d 272.

Plaintiff next urges that it was error for the court to submit an instruction on the defense of contributory negligence since there was no evidence in support thereof. Principal reliance is placed upon our decision in Miller v. Price, 168 Okl. 452, 33 P.2d 624, and other cases of similar import.

■ As disclosed by undisputed evidence, defendant had maintained the same speed nearly all the way from Yale to the point of the collision and had repeatedly steered the vehicle in a weaving course so as to avoid the puddles of water accumulated upon the highway. Although plaintiff charged that this very conduct constituted negligence and precipitated the accident, it is admitted that he did not warn or remonstrate with the driver against the manner of the vehicle's operation. Whether or not plaintiff failed to use ordinary care for his own safety was, under these facts, a question for the jury. Muenzler v. Phillips, Okl., 276 P.2d 221; Loyd v. Campbell, 208 Okl. 212, 254 P.2d 986.

■■ The defense of contributory negligence was averred in the answer and the evidence as outlined is sufficient as a basis from which to draw an inference of contributory negligence. We find no fundamental error in the action of the trial court. O.S.1951, Const. Art. 23, § 6; Wright v. Erwin, Okl., 346 P.2d 187; Croft v. Dodson, Okl., 310 P.2d 375; Warren v. Layman, Okl., 267 P.2d 590; See also Maddox v. Bridal, supra; McFarland v. Crabtree, Okl., 331 P.2d 379.

■ Lastly, it is argued that there was error in charging the jury upon the law relating to the maximum allowable speed. Title 47 O.S.Supp.1955 § 121.3(c). In so doing, plaintiff asserts, the court instructed

upon an issue wholly inapplicable to the facts in evidence since the proof did not show that defendant, at the time of the accident, was exceeding the maximum speed limit.

While the trial court did inform the jury as to the maximum speed allowed by law, it also explained in the same instruction that vehicles must conform at all times to the requirement of the statute relating to reasonable, careful and prudent speeds. The instruction so given is free from fundamental error.

There are other assignments of error which, though stated, are neither argued nor supported by authority. They will be regarded as waived. Maddox v. Bridal, supra; United Tire & Inv. Co. v. Trone, 189 Okl. 120, 113 P.2d 977.

The challenged instructions are free from fundamental error. The judgment is accordingly affirmed.