296 F.2d 74
 Melvin PRIDGIN and Melvin Pridgin, Administrator of the Estate of Julia Pridgin, deceased, Appellants,
v.
Jennie Elizabeth WILKINSON, Martin Wilkinson, and Sherman Wilkinson, Appellees.
 No. 6759.
 United States Court of Appeals Tenth Circuit.
 November 7, 1961.
 
 Sam Goodkin, Fort Smith, Ark., for appellants.
 Joseph A. Sharp, Tulsa, Okl. (Rucker, Tabor, Best, Sharp & Shepherd, Jack M. Thomas, and O. H. "Pat" O'Neal, Tulsa, Okl., on the brief), for appellees.
 Before BRATTON, PICKETT, and HILL, Circuit Judges.
 BRATTON, Circuit Judge.
 
 
 1
 This action for damages arose out of a traffic accident on a highway in Oklahoma in which a Ford automobile driven by Sam Washington Fain and a Cadillac automobile driven by Jennie Elizabeth Wilkinson collided. Julia Pridgin, mother of Fain, was riding in the Ford. She suffered injury from which she died. Melvin Pridgin, surviving husband of Julia Pridgin, in his individual capacity and as administrator of her estate, instituted the action against Jennie Elizabeth Wilkinson and Martin Wilkinson. Sherman Wilkinson, husband of Julia Wilkinson, was later joined as a defendant. A verdict was returned for the defendants; judgment was entered on the verdict; and plaintiff appealed.
 
 
 2
 It was expressly pleaded in the answer that Fain was plaintiff's agent, servant, and employee; that he was guilty of negligence in the operation of the Ford; and that such negligence contributed to or commingled with the negligence of the defendants in producing the accident and resulting damage. But there was no evidence even hinting that Fain was the agent, servant, or employee of plaintiff, Melvin Pridgin. Fain was the son of Julia Pridgin, but not of Melvin. He apparently was her son by a former husband. Other than such kinship, there is no showing whatever of any relationship between plaintiff Melvin Pridgin and Fain.
 
 
 3
 It is the well established general rule of law in Oklahoma that negligence on the part of the driver of an automobile is not imputed to a mere passenger. Saint Louis & San Francisco Railroad Co. v. Bell, 58 Okl. 84, 159 P. 336, L.R.A. 1917A, 543; San Springs Railway Co. v. McWilliams, 170 Okl. 85, 38 P.2d 539; Banta v. Hestand, 181 Okl. 551, 75 P.2d 415; Midland Valley Railroad Co. v. Pettie, 196 Okl. 52, 162 P.2d 543. And the rule applies even though the driver and the passenger are kinspeople, such as husband and wife, or otherwise. Hasty v. Pittsburg County Railway Co., 112 Okl. 144, 240 P. 1056; Shefts Supply Co. v. Purkapile, 169 Okl. 157, 36 P.2d 275; Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732; Danner v. Chandler, 204 Okl. 693, 233 P.2d 953; Loyd v. Campbell, 208 Okl. 212, 254 P.2d 986; Muenzler v. Phillips, Okl.Sup., 276 P.2d 221; Franklin v. Shelton, 10 Cir., 250 F.2d 92, certiorari denied, 355 U.S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533.
 
 
 4
 The evidence disclosed that Fain owned and was operating the Ford automobile; that he and his family resided in Oklahoma; that Julia Pridgin resided with her husband in Arkansas; that Fain and his family were going to a certain place in Arkansas to visit relatives; that Julia Pridgin was going to a different place in Arkansas, there to rejoin her husband in their home; and that other than driver and passenger, no relation in connection with the trip existed between Fain and his mother. The court instructed the jury in substance that if Fain was guilty of negligence in the operation of the automobile he was driving, recovery of damages could not be had for the injury and death of Julia Pridgin. Nothing was said in specific or technical language respecting imputed negligence or any exception thereto. But the clear import of the instruction was that if Fain was guilty of negligence recovery for the injury and death of his mother could not be awarded. As given, and without more, the instruction was clearly erroneous. But no objections were made or exceptions taken to the instructions and therefore the error was not preserved for review on appeal as a matter of right. Garden City Co. v. Bentrup, 10 Cir., 228 F.2d 334.
 
 
 5
 Plaintiff submitted to the court a requested instruction which was a substantially correct statement of the law of Oklahoma relating to imputed negligence in a case of this kind. The instruction bears a notation that it was refused and is initialed by the trial judge. Rule of Civil Procedure 51, 28 U.S.C., provides in presently pertinent part that a party may not assign as error the failure to give a requested instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the grounds of his objection. No effort was made to comply with the rule. The record fails to indicate that any objection or exception in any form or at any time was made or taken to the refusal to give the instruction. Having failed to comply with the rule, no question relating to the failure to give the requested instruction was preserved for review as a matter of right. Ziegler v. Akin, 10 Cir., 261 F.2d 88; Lohr v. Tittle, 10 Cir., 275 F.2d 662.
 
 
 6
 While plaintiff failed to preserve for review as a matter of right any error, either in the instructions given or in the refusal to give the requested instruction relating to imputed negligence, an appellate court has power in a proper case to consider errors to which no objections were made or exceptions taken. But the power should be exercised sparingly and only in the interest of justice. Smith v. Welch, 10 Cir., 189 F.2d 832.
 
 
 7
 We think this is an exceptional case in which the power should be exercised in the interest of justice. The record as a whole lends itself readily to the conclusion that the error in the instructions of the court and in the refusal to give the requested instruction may well have been a generating factor which culminated in a verdict not warranted under the law of Oklahoma as applied to the evidence. Due to the error in the instruction and the refusal to give the requested instruction, the jury may well have returned the verdict in the misconception that although Julia Pridgin was a mere passenger, since Fain was negligent in the operation of the automobile he was driving, no recovery could be had for her injury and death. And if the verdict was predicated upon such a misconception of the jury, the judgment should not be permitted to stand.
 
 
 8
 The judgment is reversed and the cause is remanded.