Joseph Brien VAUGHN, a minor, by and through his father and next friend, Joseph C. Vaughn, individually, Plaintiffs in Error,

v.

Ricky BAXTER and Mont Smith, Defendants in Error.

No. 42872.

Supreme Court of Oklahoma.

Sept. 14, 1971.

Gus Rinehart, Rinehart, Morrison & Cooper, Oklahoma City, for plaintiffs in error.

Robert D. Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for defendant in error, Mont Smith.

Dale Reneau, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for defendant in error, Ricky Baxter.

HODGES, Justice.

Plaintiff, Joseph Brien Vaughn, a 17 year old minor, through his father, brought this action against two other minor boys, Ricky Baxter and Mont Smith for personal injury damages sustained by plaintiff when the car in which he was riding left the road and crashed. Plaintiff appeals seeking reversal of a verdict and judgment in favor of both defendants, Baxter and Smith, because of erroneous jury instructions.

Vaughn was an out-of-town guest of Smith, also 17 years old. On the evening of December 26, Smith borrowed his father's Pontiac car for the purpose of showing Vaughn around the Oklahoma City area. With Smith driving, the boys picked up another friend of Smith's and drove to the nearby town of Yukon. They reached the outskirts of Yukon about 6:00 P.M., noticed a drive-in cafe and decided to stop for a coke. None of the boys had been to the drive-in before and they were unaware that separate driveways were designated for entrance and exit. Smith drove into the exit driveway where he partially blocked vehicles attempting to leave the premises. One such car was driven by Baxter, also a minor, 18 years of age. Baxter advised Smith he was going the wrong way whereupon Smith backed up allowing Baxter to exit. Smith reentered the exit and encountered another car, a "Falcon", from which some boys emerged and approached the Smith car. After Vaughn, who was seated in the right front seat, was hit by one of the boys, and after additional threats of harm, Smith decided to leave and return to Oklahoma City. Smith started east on U.S. Highway 66, a four lane highway divided by a center meridian, and passed the Baxter car which suddenly started pursuing Smith. Although Smith reached speeds in excess of 80 miles per hour, he was unable to elude Baxter, who admitted he was attempting to run Smith's car down with a view toward beating up one or more of the occupants. Baxter's reason for waiting to perform the battery away from the drive-in was because it would have cost him twenty dollars if he had carried it out at the drive-in.

Smith at one point crossed the center meridian and doubled back toward Yukon. Baxter also turned around. In the meantime the Falcon driver joined in the chase to help Baxter with the rundown. Stating he was scared, Smith decided to turn right or north, onto an intersecting highway known as Piedmont Road, in hopes of eluding the aggressors. Baxter followed at speeds of 70 to 85 miles per hour. Smith was unfamiliar with Piedmont Road. At a point about 4 miles north of U.S. Highway 66, Smith encountered a sharp curve where his car left the road, went down an embankment and crashed, breaking Vaughn's back.

Vaughn contends the trial court erred in failing to instruct the jury regarding the law covering the chasing of one automobile by another and instead gave inappropriate and inconsistent instructions concerning unavoidable accident, sudden emergency, contributory negligence and assumption of risk.

As we view the record, the pivotal issue in Vaughn's action against Baxter was the willful chasing by Baxter of Smith's car with intent to assault one or more of the occupants.

■ While plaintiff's petition charged Baxter with "chasing" the Smith car in a "reckless" and "dangerous" and "wanton" manner with the intent of performing a battery on one or more of the Smith car occupants, no instruction was given which would bring home to the jury just what legal violation such act involved. Since the evidence amply supported the allegation, and in essential matters was not disputed, the trial court should have instructed the jury as a fundamental matter, that Baxter's use of a motor vehicle to chase and run down another car for the unjustified purpose of stopping or attacking the occupants thereof was a willful breach of duty.

■ Quite aside from what law was applicable to issues involving Smith, it is beyond debate that the act of using an auto-

mobile to chase and run down the occupants of another car who, for fear of bodily harm, are trying to escape is not mere negligence, but is a willful act in reckless disregard of the rights and welfare of those being chased. And if such pursuit is for the purpose of beating up the occupants of the pursued vehicle, the act must be characterized as wanton.

The evidence required the court to inform the jury about the unlawful nature of Baxter's acts and purpose, and that mere name calling at the drive-in was not legal justification or excuse for either the unlawful chase or contemplated assault. Brewer v. State, 84 Okl.Cr. 235, 180 P.2d 848. In fact the chase became an assault with a dangerous instrument if Baxter intended to cause fright and terror in the occupants of the Smith car. Stockwell v. Gee, 121 Okl. 207, 249 P. 389; State v. Hollis, Okl.Cr., 273 P.2d 459.

In our opinion the petition sufficiently charges Baxter with a gross, wanton and willful breach of duty in using an automobile to run down another as a result of which plaintiff was injured. The admissions of Baxter himself proved the charge. In other words, Baxter admits participating in a chain of events by means of willful, unlawful acts for an unlawful purpose, but defended on the ground that plaintiff was guilty of "contributory negligence" in not remonstrating with Smith and not telling Smith about the posted 30 miles per hour limit for the curve. This brought the case squarely up against and within the purview of Conner v. Burdine, 120 Okl. 20, 250 P. 109, which holds as follows:

"When the wrongdoing of the defendant is merely negligence, the contributory negligence of the plaintiff may, as is well understood, operate as a defense, but when the defendant's conduct is willful, it is no longer negligence, and when the injury sustained by the plaintiff is the result of the wanton and willful act of the defendant, the question of the

plaintiff's contributory negligence as a defense cannot arise."

Since his willful acts foreclosed Baxter from using contributory negligence as a defense, it was reversible error to give Instruction No. 17 to the effect that if the jury found plaintiff guilty of "contributory negligence their verdict should be for the defendants." The same reasoning applies to instruction No. 16a pertaining to assumption of the risk as a defense for Baxter.

The defense of "unavoidable accident" was not available to Baxter for more than one reason. First, he did not plead it and second, the evidence would not support it. When a defendant admits to a willful and wanton wrongful act which precipitates or contributes to an injury, he is not entitled to an instruction permitting a finding he breached no duty owing plaintiff. This was made clear in Wofford v. Lewis, Okl., 377 P.2d 37, the court saying:

"* * * and if the accident could have been prevented by either person * * * it is not deemed unavoidable * * * This court has always deemed an accident unavoidable when it happened while all parties to the lawsuit were using the degree of care required under the circumstances."

Using a motor vehicle to chase another at excessive speeds, together with the intent to commit an assault cannot be considered faultless or unavoidable. It was error to give an instruction on unavoidable accident.

Finally, the defense of sudden emergency is not available to one whose tortious acts create the emergency and this is true whether we consider that a sudden emergency was created at the time Baxter commenced the chase or developed at the curve in question. In either event it was Baxter who put in motion the chain of events culminating in injury to plaintiff thus subjecting himself to liability therefor. Stout v. Rutherford, Okl., 341 P.2d 266. The instruction on sudden emergency was error.

As a result of the above errors, we agree with the Court of Appeals that the jury verdict and judgment thereon in favor of the defendant Baxter should be reversed and remanded for new trial.

We now direct our attention to the instructions as they apply to defendant Smith. Smith's liability, if any, cannot be based upon the same legal principles applicable to defendant Baxter. Baxter admitted his unlawful pursuit of Smith and his passengers for the purpose of inflicting bodily harm. Smith on the other hand, was fleeing his pursuer for protection of himself as well as his passengers.

Plaintiff testified that he was "very scared" of Baxter and wanted to get away from him. Plaintiff admitted he made no complaint of Smith's action in fleeing from Baxter and made no complaint of the manner in which he was driving the automobile. When asked if Smith did everything that he could to get away from Baxter, plaintiff said, "I assume so."

Plaintiff complains it was error for the court to submit instructions to the jury on unavoidable accident, sudden emergency and contributory negligence and assumption of risk. We disagree.

■ There was competent evidence where the jury could find that the cause of the accident was the unlawful pursuit by Baxter, and that as between plaintiff and Smith the accident occurred without the negligence of either plaintiff or Smith. There was also evidence supporting the defense of sudden emergency. The emergency being the threat by Baxter and his unlawful pursuit which was not brought about by any negligence or tortious conduct on the part of Smith.

■ Also, as between plaintiff and Smith, instructions on contributory negligence and assumption of risk were proper. There were obvious dangers in Smith's attempt to elude Baxter. Plaintiff was aware of these dangers, but did not warn or remonstrate with Smith or did he indicate any disapproval of Smith's action. It is the duty of a guest or passenger to exercise ordinary care for his own safety, and where reasonably necessary to warn the driver of impending danger and to take such other reasonable steps as may be necessary for his protection. Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732. Whether plaintiff exercised reasonable care for his own safety was a question for the jury.

Plaintiff complains that he had no other alternative but to stay in the car as a passenger. This may be so, but that was a question for the jury. The jury may have felt that it was the duty of the plaintiff to protest and request plaintiff to stop the car and let him out. If it was not possible to stop the car for fear of bodily harm from Baxter, then such determination would lend credence to Smith's testimony that he was doing everything he possibly could for the protection and safety of himself and his passengers. In any event, assumption of risk and contributory negligence were both proper instructions and issues for the jury to determine.

■ Plaintiff also alleges error of the trial court in refusing to submit to the jury its instruction concerning the law governing automobile racing and the liability of the parties as joint tort-feasors. If at the time of the accident, Smith and Baxter were voluntarily participating in a "race" then plaintiff's requested instruction was proper and necessary. But there was no evidence that Smith was voluntarily engaged in a car race. He was attempting to elude Baxter out of fear for himself and his passengers. Refusal by the trial court to submit the instruction was proper.

The judgment of the trial court is affirmed as to defendant Smith. Judgment is reversed as to defendant Baxter and remanded for a new trial.

All Justices concur.