Lyle BRADSHAW, a minor, who brings this action by and through his mother and next friend, Charlene Bradshaw, Appellant,

v.

David M. FIELDS, a minor, and John Fields, Appellees.

No. 49333.

Supreme Court of Oklahoma.

Dec. 13, 1977.

Stipe, Gossett, Stipe & Harper by Richard L. Gossett, McAlester, for appellant.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Jack M. Thomas, Tulsa, for appellees.

DOOLIN, Justice:

In this personal injury action, plaintiff Lyle Bradshaw appeals from a jury verdict in favor of defendants, David Fields and his father. The sole issue raised by Bradshaw on appeal is whether or not trial court committed reversible error in submitting the question of contributory negligence to the jury. We hold that it did not.

Bradshaw, seventeen years of age at the time, was a passenger in a pickup truck driven by defendant David Fields. David was then fifteen years old and unlicensed. David's pickup collided with another pickup at a rural intersection. Bradshaw sued

David for damages for personal injuries received as a result of the collision, alleging negligent driving. He joined David's father as a party defendant.

David denied he was negligent and answered that Bradshaw himself was guilty of negligence in failing to caution David as to possible excessive speed and in failing to pay attention to his surroundings and to warn David of impending danger.

The case was tried to a jury under appropriate negligence instructions. The jury returned a verdict in favor of both defendants. Bradshaw appeals.

·The only instruction Bradshaw complained of at trial and in this appeal is the following instruction on contributory negligence which reads:

"You are instructed that a guest or passenger in an automobile is obliged to use ordinary care and caution in preserving his own safety, and to this end a passenger in a motor vehicle is obliged to keep a reasonable lookout for approaching danger and to warn the driver of the automobile in which he is riding with reference to approaching dangers, and if it appears to a passenger, or, by the exercise of ordinary care should appear, that the driver of the vehicle is operating the vehicle in a negligent manner, it is the duty of the passenger to warn the driver of such vehicle and to remonstrate with the driver in regard to such method of operation."

Bradshaw contends it was error to submit this instruction to the jury because there was no evidence that he contributed to the accident.

▇▇▇ In Oklahoma it is the duty of a guest passenger to exercise ordinary care for his own safety and to warn the driver of any impending danger. It is also his duty to take any other reasonable steps necessary for his protection. *Vaughn v. Baxter*, 488 P.2d 1234 (Okl.1971). Whether a passenger has fulfilled this duty is a question

of fact to be decided by the jury, who is at liberty to accept or reject any or all of the testimony of a witness. *Loyd v. Campbell*, 208 Okl. 212, 254 P.2d 986 (1953).

In *Stillwater Milling Co. v. Templin*, 182 Okl. 309, 77 P.2d 732 (1938), we held that failure to submit the question of wife's contributory negligence, while riding as passenger with her husband, was reversible error where the evidence showed she did not warn her husband against the speed he was traveling until she saw they were too near to the car ahead. The court quoted a Missouri case [1] which states: "It is impossible for courts to lay down fixed rules by which to determine just when and under what circumstances an automobile should be driven from the rear seat. Each case must rest upon its own facts. The courts all agree, however, that a passenger or guest in an automobile must use ordinary care for his own safety, and when the exercise of such care requires that he call the attention of the driver to approaching danger, he must do it or be open to the charge of contributory negligence."

Evidence in *Muenzler v. Phillips*, 276 P.2d 221 (Okl.1954) showed the passenger in the front seat made no effort to determine if other vehicles were approaching the intersection. This court held the determination of whether this conduct made the passenger contributorily negligent was a question for the jury under appropriate instructions.[2]

▇▇▇ Facts elicited at trial showed David and Bradshaw were cousins, both living in the same small town and attending the same school. Until the accident, they were friendly and Bradshaw had previously ridden with David. The intersection where the collision took place was a blind intersection. The highway patrolman who investigated the accident testified David was into the intersection when the other truck struck them. A possible warning given by Bradshaw came too late. Evidence as to what speed they were traveling was contra-

---

1. *Irwin v. McDougal*, 217 Mo.App. 645, 274 S.W. 923, 925.

2. Also see *Wade v. Reimer*, 359 P.2d 1071 (Okl. 1961) citing *Muenzler*; *Haynie v. Olson Drilling Co.*, 189 Okl. 527, 118 P.2d 230 (1941).

dictory but at no time did Bradshaw remonstrate with David to slow down, watch the blind intersection, or that he should not be driving without a license. Whether these omissions constitute contributory negligence was a question for the jury to decide. If a passenger has the same opportunity as the driver to observe a dangerous condition, and he fails to warn the driver until it is too late, a jury must decide whether the passenger was guilty of contributory negligence.[3] Here contributory negligence was an issue and was properly included in the instructions given to the jury.

TRIAL COURT AFFIRMED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BARNES and SIMMS, JJ., concur.

BERRY, J., dissents.

---

3. *Beye v. Andres*, 179 Kan. 502, 296 P.2d 1049 (1956).