Lupe MARTINEZ and Cathy Martinez, as next of kin of Jennifer Leah Martinez, deceased, and Angela Quinn Mills, Dennis Mills and Janice Mills, Appellants,

v.

Allen V. MOFFAT, Appellee.

Nos. 81426, 81428.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 6, 1994.

Rehearing Denied Oct. 11, 1994.

Certiorari Denied Jan. 11, 1995.

Gary E. Miller, Yukon, for appellants Martinez.

Barry R. Davis, C. Scott Beuch, Oklahoma City, for appellants Mills.

Earl D. Mills, Kay L. Hargrave, Oklahoma City, for appellee.

## OPINION

HUNTER, Judge:

Jennifer Leah Martinez, a high school student, died as a result of injuries she received as a consequence of a one-car auto wreck. She was the passenger in a little MG driven by her best friend, Appellant Janice Mills.

The wreck occurred on a paved country road when Ms. Mills attempted to avoid colliding with Appellee's pick up truck by passing him on the right, in the bar ditch. She testified that she accelerated while driving in the bar ditch so she could re-enter the roadway before colliding with a culvert. She regained the road, but lost control of the car when she hit gravel in the intersection.

The Martinez parents, Appellants, sued the Mills and Appellee Moffat for negligence. Before trial, Appellants Martinez accepted an insurance settlement from Mills and released Mills from liability. Mills were then realigned as Plaintiffs. After a trial to a jury, a verdict was entered in favor of Appellee Moffat and against both Appellants. The trial court entered judgment on the verdicts. Appellants Martinez filed motions for new trial and judgment notwithstanding the verdict. Appellants Mills filed a motion for new trial. The motions were not granted. Martinez and Mills appeal from the denial of their respective postjudgment motions. The appeals are consolidated for review.

We defer greatly to a jury verdict and will not reverse the judgment if there is "substantial evidence to support the verdict on any theory of law." *Eversole v. Oklahoma Hospital Founders Assoc.*, 818 P.2d 456, 459 (Okl.1991) (citations omitted). Clearly the trial court lacks authority to arbitrarily substitute its judgment for that of the jury's determination. We will not reverse the trial court's denial of a motion for new trial, a decision addressed to the trial court's sound discretion, unless the grant or denial of the motion is shown to be error of a pure, unmixed question of law or arbitrary and capricious. *Bennett v. Hall*, 431 P.2d 339, 340–41 (Okl.1967). In considering a judgment notwithstanding the verdict, the trial court does not consider Defendant's evidence. *Sadler v. T.J. Hughes Lumber Company, Inc.*, 537 P.2d 454, 458 (Okl.App.1975). The trial court properly denies such motions and does not displace the jury's fact-finding when there exists a "reasonable inference which reasonable men could choose to accept or reject ..." *Sadler* at 458.

### DISCUSSION

The first proposition of error asserted by both Appellants is that the trial court erred when it allowed Appellee to present statements and evidence pertaining to the resolution of the conflict between the two Appellants. The parties preserved this question through their use of a motion in limine and in-trial objections. The trial court received the benefit of well-reasoned legal arguments from the attorneys before making its ruling. In the end, the court determined that it would caution the jury that Appellants had "resolved" their dispute; that the jury would not receive that issue for consideration, and that the resolution did not admit liability. The record reveals that no one attempted to present evidence concerning the settlement itself or the terms.[1]

---

1. 12 O.S.1991 § 2408, in pertinent part:
   Evidence of:
   1. Furnishing, offering or promising to furnish; or
   2. Accepting, offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for the claim, invalidity of the claim or the amount of the claim.
   Evidence of conduct or statements made in compromise negotiations is not admissible. This section does not require the exclusion of discoverable evidence merely because it is revealed in the course of compromise negotiations. This

In the instant case, there is little real difference, however, between allowing the jury to speculate about what happened to create a new plaintiff out of an original defendant and introducing prohibited evidence of the settlement to prove liability. The trial court erred in allowing the evidence to be presented to the jury, even in the guise of evidence of the pleading, not of the settlement. There is certainly no reason for the court, even with the cautionary statement, to have permitted the attempted introduction of the statements more than once. The error does not require reversal, however, because the other competent, relevant evidence amply supports the jury's verdict and Appellants have failed to show how the error was prejudicial to their cases. In *Payne v. McRay Brothers,* 446 P.2d 49, 51–52 (Okl.1968), Appellant argued that the trial court erred when it allowed the introduction of inadmissible testimony about an offer to compromise the claim. The Oklahoma Supreme Court held that if it were error, it was harmless. In its syllabus, at 50, the court held:

> Where parties seek reversal of a judgment in accord with a verdict, on the sole ground of the admission of allegedly inadmissible testimony, they have the burden of showing, not only that it was inadmissible, but also that it was prejudicial to them. And, where the judgment is within the issues, no claim is made that it is insufficiently supported by competent evdence (sic), it does not affirmatively appear that said testimony was prejudicial to those parties, and there is nothing in the record to indicate that the verdict would have been different, had said testimony not been given, said judgment will not be disturbed.

We also find the facts in the instant case distinguishable from those found in *Cleere v. United Parcel Service, Inc.,* 669 P.2d 785 (Okl.App.1983). In *Cleere,* at 787, there was evidence introduced about the release given by two absent tortfeasors and the amount of the consideration. In that case we held that evidence of the settlement offered to prove liability was inadmissible. We further held, at 789, that if such evidence were offered to show bias or prejudice, for example, the

section does not require exclusion of evidence

court was required to exercise its discretion and determine whether such evidence should be excluded because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury ... or unfair and harmful surprise." (citations omitted). In the case at hand, we hold that because there was no evidence introduced about the terms of the settlement, because the court's cautionary statements fairly informed the jury of the reason why Appellants Mills were realigned as Plaintiffs, because other evidence in the record supports the fact that Appellee was not the proximate cause of Appellants' injuries and because Appellants have failed to show why the error was prejudicial to their causes, the error does not require reversal.

■ Both sets of Appellants raise another issue in common. They allege that Appellee was allowed to introduce testimony and exhibits of his accident reconstruction expert without having informed them before trial. First Appellants assert that the expert betrayed the promise he made during his deposition that if he changed his opinion, he would make himself available for a supplemental deposition. The promise extracted during the deposition, however, was the reservation of the right to take a supplemental deposition if the expert changed either of his two main opinions which were that (1) at the time Appellee's truck pulled out Appellant Mills' car was still west of the hill crest and (2) Appellant Mills could have stopped her car prior to striking the rear of Appellee's truck. Appellants have not shown us that the expert changed his opinion at trial. Appellants also claim that the expert's exhibits were not listed in the pretrial order. The pretrial order lists "demonstrative aids." The two charts of which Appellants complain were graphic representation of the expert's opinion about whether the driver had sufficient time to stop her car had she applied her brakes. A demonstrative aid does help the fact-finder understand verbal evidence. There is no error shown on this account.

■ Next, Appellants argue that the expert used different tests and figures and

when it is offered for another purpose ...

made an exhibit based on those numbers. They claim that although they were not denied the right to cross-examine or voir dire the expert on his testimony or the bases for his opinions, they were denied to the right to prepare for cross-examination. The expert testified first in his deposition that it would take Appellee seven seconds to go from a dead stop to the center of the road. At trial, the expert calculated the time at five seconds, based on using a vehicle more similar to Appellee's than that used for arriving at the first figure. The trial court ruled that Appellants could explain the discrepancy through cross-examination and by eliciting the differences in the distances used. We agree. We will not reverse a judgment based on a jury's verdict unless the errors in admission or rejection of evidence resulted "in a miscarriage of justice or constitute substantial violation of some constitutional or statutory right ..." *Davon Drilling Company v. Ginder*, 467 P.2d 470, 474 (Okl.1970).

Appellants Martinez assert that the trial court erred in instructing the jury on the decedent's contributory negligence claiming no evidence of such negligence was produced at trial. Clearly there must be some evidence of contributory negligence or from which contributory negligence may be presumed or inferred. *Miller v. Price*, 168 Okl. 452, 33 P.2d 624, 628 (1934). Oklahoma also follows the rule that a passenger has a duty to exercise ordinary care for her own safety and to warn the driver of "impending danger." *Bradshaw v. Fields*, 572 P.2d 552, 553 (Okl.1977) (citing *Vaughn v. Baxter*, 488 P.2d 1234 (Okl.1971). The jury decides whether the passenger fulfilled the duty. *Bradshaw* at 553, citing *Loyd v. Campbell*, 208 Okla. 212, 254 P.2d 986 (1953). Evidence was elicited through testimony of the conversation and actions of the two young women immediately preceding their wreck. The question of contributory negligence was properly submitted to the jury.

Next, Appellants Martinez allege that the verdict is contrary to law and the evidence. Appellants argue that Appellee was in violation of certain sections of the Motor Vehicle Code. We do not agree that the record supports these allegations and certainly whether Appellee was in violation of these sections was not a question for this jury. Even presuming Appellee should have been cited for any of these alleged violations, however, what Appellants failed to show was that any of Appellee's actions were the proximate cause of their injuries. There is competent evidence showing that the injuries resulted from the driver's failure to apply her brakes and from her choice to pass Appellee on the right, in the bar ditch, during which time she accelerated, then re-entered the road in front of Appellee, hit debris and lost control of her car. Appellant's attempted application of the *Miner* test for supervening cause is inapposite. *Miner v. Zidell Trust*, 618 P.2d 392, 395 (Okl.1980). In that case, the motorist lost consciousness. In the case at bar, the evidence supports a finding that the results of the driver's judgment were in her control.

Finally, Appellants Martinez assert misconduct occurred when Appellee's attorney cross-examined Appellant's expert. The record does not support this allegation. Appellants declined the opportunity to redirect their expert. Even after the expert was then excused, the court allowed Appellants to recall the expert to correct his testimony. Appellants also argue that Appellee's expert and Appellee's attempt to "twist, distort, and present half-truths to the jury ..." resulted in prejudice to them and a denial of a fair trial. There is nothing in the record to support damage to Appellants' case which could not have been mended by voir dire of the expert and cross-examination and redirection of the witnesses. The record does not support a finding that there was misconduct on the parts of Appellee, his attorney or any of his witnesses.

Finding no reversible error, we affirm the orders denying new trials and judgment notwithstanding the verdict.

AFFIRMED.

GARRETT, V.C.J., and ADAMS, J., concur.